**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-03012-WJM-BNB

KISSING CAMELS SURGERY CENTER, LLC,
CHERRY CREEK SURGERY CENTER, LLC,
ARAPAHOE SURGERY CENTER, LLC,
and HAMPDEN SURGERY CENTER, LLC,

      Plaintiffs,

v.

HCA, INC., HCA-HEALTHONE, LLC,
CENTURA HEALTH CORPORATION,
COLORADO AMBULATORY SURGERY CENTER ASSOCIATION, INC.,
KAISER FOUNDATION HEALTH PLAN OF COLORADO,
ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC. d/b/a ANTHEM BLUE
CROSS AND BLUE SHIELD OF COLORADO,
UNITEDHEALTHCARE OF COLORADO, INC.,
AUDUBON AMBULATORY SURGICAL CENTER, LLC, and
AETNA, INC.,

      Defendants.

---

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

---

Plaintiffs Kissing Camels Surgery Center, LLC, Cherry Creek Surgery Center LLC,

Arapahoe Surgery Center, LLC, and Hampden Surgery Center, LLC and Defendants HCA Inc.,

HCA-HealthONE LLC, Centura Health Corporation, Colorado Ambulatory Surgery Center

Association, Inc., and Kaiser Foundation Health Plan of Colorado (individually, a "Party," and

collectively, the "Parties") anticipate that certain of their confidential business records, as well as

those of non-parties, may be produced in discovery in the above-captioned action (the "Action")

and that such confidential records must be protected from further disclosure. Pursuant to Federal

Rule of Civil Procedure 26(c), the Court finds good cause for entry of this Stipulated Protective Order ("Protective Order") to provide such protection according to the terms and conditions set forth below.  To expedite the flow of discovery material and the litigation of this case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties, STIPULATED and ORDERED that:

1.      This Protective Order shall apply to all documents, electronically stored information, materials, and information disclosed, filed or served pursuant to the Federal Rules of Civil Procedure or the Local Rules of Practice, including without limitation, documents and data produced by any party or non-party, answers to interrogatories, responses to requests for admission, expert disclosures, and deposition testimony.

2.      As used in this Protective Order, "document" and "electronically stored information" are defined as provided in Federal Rule of Civil Procedure 34(a)(1)(A).

3.      As used in this Protective Order, "Confidential Information" is information that the designating party or non-party believes is not in the public domain and which constitutes, contains or reflects confidential business, research, development, commercial, financial or personal information, such as confidential patient information.[1]

4.      As used in this Protective Order, "Highly Confidential Information" is information that the designating party or non-party believes is Confidential Information that, if disclosed, might give an unfair competitive or business advantage to another person or entity, or

---

[1] This Protective Order is a HIPPA-compliant "qualified protective order" pursuant to 45 C.F.R. § 164.512(e)(1)(v).

create a substantial risk of injury to the designating party or non-party, such as trade secret or other sensitive proprietary information.

5.      Any document that contains confidential, proprietary, or personal financial or health information may be designated as Confidential or Highly Confidential Information by stamping the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," respectively, clearly and conspicuously on the face of each document containing such information or in the metadata of the document if produced in native format.  For a multi-page document, each page containing Confidential or Highly Confidential Information shall be stamped separately.

6.      All documents and materials produced in the Action shall be used solely for the purposes of preparing for and conducting pre-trial, trial, and post-trial proceedings in this Action, and not for any other purpose, and such documents shall not be disclosed to any person or entity except as provided in this Protective Order.

7.      Documents containing Confidential Information shall not be disclosed without the consent of the producing Party or further Order of the Court, *except that* such information may be disclosed to:

(a)     the Parties in this Action to the extent reasonably necessary to allow them to assist in the preparation or conduct of pre-trial, trial, and post-trial proceedings in this Action;

(b)     counsel of record for the Parties in this Action, and the personnel who are directly employed or retained by counsel of record for the purpose of assisting with, or working on, this Action;

(c)     expert witnesses and consultants, such as e-discovery vendors, that are retained in connection with this Action, to the extent such disclosure is necessary for preparation for trial or other proceedings in this Action;

     (d)    the Court and its officers, including stenographic reporters engaged to transcribe court proceedings and sworn testimony in this Action; and

     (e)    other persons by written agreement of the Parties.

8.    Documents containing Highly Confidential Information shall be subject to the same restrictions as Confidential Information, *except that* Highly Confidential Information may be disclosed only to those persons identified in subparagraphs (b)–(e) of paragraph 7 of this Protective Order.  Parties or their employees, however, may be shown documents marked "HIGHLY CONFIDENTIAL" during a hearing or trial.

9.    Prior to disclosing any Confidential or Highly Confidential Information to any person listed above (other than counsel and their employees, court personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed copy of the Acknowledgement of Stipulated Protective Order attached hereto as Exhibit A, which states that he/she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

10.    Documents and other information produced by non-parties shall be treated as Highly Confidential Information for fourteen (14) days after such documents and information are produced, during which time any Party may designate any document or information as Confidential or Highly Confidential Information by letter to all other Parties in the Action.

11.    Deposition transcripts in this Action shall be treated as Highly Confidential Information until thirty (30) days after receipt of a final copy of the transcript, after which time any Party (or non-party deponent) may designate any portion or all of any transcript as Confidential or Highly Confidential Information by letter to all other Parties in the Action.

Additionally, any Party or non-party participating in a deposition may designate any portions of the transcript of the deposition as Confidential or Highly Confidential Information during the recording of such deposition.  No person shall be present during portions of the depositions designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" unless such person is an authorized recipient of Confidential or Highly Confidential Information pursuant to paragraphs 7 and 8, respectively, of this Protective Order.

12.     **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.**  ~~When filed with pleadings or offered as evidence at any hearing or trial, Confidential or Highly Confidential Information shall be designated for restricted access pursuant to Rule 7.2 of the Local Rules of Practice for the United States District Court for the District of Colorado, and any party filing or offering such Confidential or Highly Confidential Information must notify the designating party or non-party that such Confidential or Highly Confidential Information will be filed or offered into the Court record in advance of or simultaneously with the filing or offering.  It is incumbent upon the Party or non-party designating the information as Confidential or Highly Confidential to take all steps necessary under Local Rule 7.2 to ensure the continued confidential treatment of such information.~~

13.     A Party may object to the designation of particular Confidential or Highly Confidential Information by giving written notice to the Party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as Confidential or Highly Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective

Order.  Such motion shall be filed within twenty (20) business days after the time the notice is received.  If such a motion is timely filed, the disputed information shall be treated as Confidential or Highly Confidential Information under the terms of this Protective Order until the Court rules on the motion.  If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential or Highly Confidential Information and shall not thereafter be treated as Confidential or Highly Confidential Information in accordance with this Protective Order.  In connection with a motion filed under this provision, the Party designating the information as Confidential or Highly Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential or Highly Confidential Information.

14.     Upon termination or resolution of this Action, the Parties shall within sixty (60) days return to the producing Party all materials marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (and any copies thereof) or destroy them.  Counsel for each Party shall furnish a certificate of compliance that all Confidential and Highly Confidential Information produced to the Party, as well as all summaries, excerpts, or copies of such materials, have been returned or destroyed.

15.     The termination of proceedings in this Action shall not relieve the Parties from the obligation of maintaining the confidentiality of all Confidential or Highly Confidential Information that is received or disclosed pursuant to this Protective Order.

16.     The inadvertent production of any document protected from discovery by the attorney-client privilege, the work-product doctrine, or other applicable privilege or immunity shall not constitute a waiver of the privilege or protection, either as to the produced document or any other documents, or otherwise affect the right to withhold such document(s) from production

~~as privileged or otherwise protected from discovery.  In the event that any privileged or protected~~

~~document(s) is produced during discovery in this Action, the Party or non-party claiming the~~

~~privilege or protection may notify all Parties in writing of the inadvertent disclosure and request~~

~~the destruction of such document(s).  If a request is made in good faith to return any such~~

~~inadvertently produced  document(s), the Party(ies) or non-party(ies) that received the~~

~~document(s) shall  within five (5) business days of receipt of such request, confirm in writing~~

~~that it has destroyed all copies thereof and deleted any copy of the documents, or any portion~~

~~thereof, from any word processing or data base tape or disk it maintains, and that it has destroyed~~

~~any work product that incorporates such document or information.  The status of the document(s)~~

~~as privileged or otherwise protected from discovery shall be deemed to be restored upon the~~

~~making of such a request.  If, however, the Party claiming privilege either (i) expresses the intent~~

~~to use such document (or information contained therein) at a hearing, deposition, or trial, or (ii)~~

~~uses such document (or information contained therein) at a hearing, deposition, or trial, that~~

~~Party's right to assert the privilege or protection and to request destruction of the document(s)~~

~~shall be foreclosed.  Compliance with this paragraph shall not be deemed to prejudice the rights~~

~~of any other Party to seek an order from the Court directing production of the information or~~

~~document on the ground that the claimed privilege, protection, or immunity is invalid; provided,~~

~~however, that mere production of the information or document in the course of this Action shall~~

~~not be a ground for asserting waiver of the privilege, protection, or immunity.  In the event that a~~

~~Party intends to challenge the claim of privilege, protection, or immunity, the Party may retain a~~

~~copy of the inadvertently produced document(s) for such purposes.~~

      17.    This Protective Order may be modified by the Court at any time for good cause

shown following notice to the Parties and an opportunity for them to be heard.

Dated April 8, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge


APPROVED AS TO FORM AND CONTENT:

Attorneys for Plaintiffs

Attorneys for Defendants HCA Inc. and
HCA-HealthONE LLC


*/s/ Joe R. Whatley, Jr.*

Joe R. Whatley, Jr.
WHATLEY KALLAS, LLC
201 North Mill Street
Jerome Professional Building
Suite 103
Aspen, CO  81611
Tel:     970-300-2631
Fax:     800-922-4851

*/s/Kevin Arquit*

John A. Francis
Erin McAlpin Eiselein
Natalie West
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Tel: (303) 892-9400
Fax: (303) 893-1379

Edith M. Kallas
WHATLEY KALLAS, LLC
380 Madison Ave., 23rd Floor
BARTLETT LLP
New York, NY 10017
Tel:     (212) 447-7060
Fax:     (800) 922-4851

Kevin Arquit
Aimee Goldstein
SIMPSON THACHER &

425 Lexington Avenue
New York, NY 10017-3954
Tel: (212) 455-2000
Fax: (212) 455-2502

W. Tucker Brown
WHATLEY KALLAS, LLC
2001 Park Place Tower, Suite 1000
BARTLETT LLP
Birmingham, AL 35203
Tel:     (205) 488-1200
Fax:     (800) 922-4851

Abram J. Ellis
SIMPSON THACHER &

1155 F. Street, N.W.
Washington, DC 20004
Tel: (202) 636-5579
Fax: (202) 636-5502

Deborah J. Winegard
WHATLEY KALLAS, LLC

1068 Virginia Ave., NE
Atlanta, GA 30306
Tel:      (404) 607-8222
Fax:      (404) 607-8451

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-03012-WJM-BNB

KISSING CAMELS SURGERY CENTER, LLC,
CHERRY CREEK SURGERY CENTER, LLC,
ARAPAHOE SURGERY CENTER, LLC,
and HAMPDEN SURGERY CENTER, LLC,

       Plaintiffs,

v.

HCA, INC., HCA-HEALTHONE, LLC,
CENTURA HEALTH CORPORATION,
COLORADO AMBULATORY SURGERY CENTER ASSOCIATION, INC.,
KAISER FOUNDATION HEALTH PLAN OF COLORADO,
ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC. d/b/a ANTHEM
BLUE CROSS AND BLUE SHIELD OF COLORADO,
       UNITEDHEALTHCARE OF COLORADO, INC.,
AUDUBON AMBULATORY SURGICAL CENTER, LLC, and
AETNA, INC.,

       Defendants.

---

**ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER**

---

       I, _____, have read and understand the Stipulated Protective

Order entered in the above-captioned action (the "Protective Order"). I understand that confidential

documents or other sources of information that have been designated as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" pursuant to the Protective Order are to be disclosed to me for use by

me solely in connection with prosecution or defense of claims involved in this action. I further

understand that the Protective Order prohibits me from either using or disclosing such Documents

or other sources of information for any purpose other than as set forth in and pursuant to the

Protective Order.  If I violate the Protective Order, I understand that I may be held in contempt of Court, and I submit to the Court's jurisdiction for enforcement of the Protective Order.

Notwithstanding the foregoing, this endorsement shall not apply to any documents or information validly obtained by me or my employer independent from this action.

Dated: _____        By: _____

_____
(print name)