**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-3012-WJM-BNB

KISSING CAMELS SURGERY CENTER, LLC,
CHERRY CREEK SURGERY CENTER, LLC,
ARAPAHOE SURGERY CENTER, LLC, and
HAMPDEN SURGERY CENTER, LLC,

    Plaintiff,

v.

CENTURA HEALTH CORPORATION,

    Defendant.

---

**ORDER GRANTING DISMISSED DEFENDANTS' MOTION FOR STAY
AND CONSTRUING NOTICE AS OBJECTION**

---

This matter is before the Court on a filing by former Defendants Colorado Ambulatory Surgery Center Association, Inc., Rocky Mountain Hospital and Medical Service, Inc, d/b/a Anthem Blue Cross and Blue Shield of Colorado, UnitedHealthcare of Colorado, Inc., Audubon Ambulatory Surgical Center, LLC, and Aetna, Inc. (collectively "Dismissed Defendants") entitled "Dismissed Defendants' Notice Regarding Effect of Magistrate Judge's Order, or in the Alternative, Objection to the Magistrate Judge's Order, and Protective Motion for Stay of Deadline to Respond to Second Amended Complaint" ("Motion").  (ECF No. 218.)

The Dismissed Defendants' Motion challenges an order by U.S. Magistrate Judge Boyd N. Boland granting Plaintiffs' Motion for Leave to Amend their complaint ("Magistrate Judge's Order").  The Magistrate Judge's Order, issued on August 12,

2014, found that Plaintiffs had met the standards of Federal Rules of Civil Procedure 15 and 16, and had shown good cause to extend the deadline in the Scheduling Order for amendment of pleadings and to permit the proposed amendment of the complaint. (ECF No. 212.) Plaintiffs' Second Amended Complaint reinstates their claims against the Dismissed Defendants. (*See* ECF No. 213.) The Dismissed Defendants now contend that they were dismissed from this action with prejudice and are not subject to reinstatement as defendants. (*See* ECF No. 218 at 2-4.)

However, the Dismissed Defendants' filing is not structured as a motion or even as an objection to the Magistrate Judge's Order. Instead, it takes the form of a notice of the Dismissed Defendants' legal position (which is directly contrary to that expressed in the Magistrate Judge's Order), an objection to the Magistrate Judge's Order, a request for a stay of the deadline to file an answer pending the resolution of the Motion, and an alternative unopposed request for a 30-day extension of time to file an answer. (*Id.* at 6.) This awkward, confused and confusing filing, with its multiplicative requests, contravenes both this Court's Revised Practice Standard III.B. ("All requests for the Court to take any action . . . must be contained in a separate, written motion"), and this District's Local Rule D.C.COLO.LCivR. 7.1(c) (a motion "shall be made in a separate paper."). While this alone suffices to permit the Court to strike the Motion, the Dismissed Defendants have also inexplicably chosen to compound their requests for relief under the title of "Notice", which fails to indicate any request for relief whatsover.

However, in the interests of efficiency and judicial economy, the Court will not strike the Motion. Instead, the Court finds that the Dismissed Defendants' Motion is more properly construed as an Objection to the Magistrate Judge's Order pursuant to

Federal Rule of Civil Procedure 72(b), and a separate Motion for Stay of the answer deadline pending the resolution of the Objection with an alternative Motion for Extension of Time to Answer.

Based on the dispositive nature of the Dismissed Defendants' Objection and the arguments it raises, and in an effort to efficiently cut through the fog created by the Dismissed Defendants' filing, the Court finds good cause to stay the Dismissed Defendants' answer deadline. Therefore, the Court hereby GRANTS that portion of the Motion, and the Dismissed Defendants' deadline to file their answer to the Second Amended Complaint shall be stayed pending the resolution of the Objection.

As the Court has construed the remaining arguments in the Motion as an Objection to the Magistrate Judge's Order, Plaintiffs are DIRECTED to file any response to the Objection on or before September 3, 2014, pursuant to Rule 72(b)(2). The Dismissed Defendants shall file any Reply on or before September 10, 2014.

Dated this 21st day of August, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge