**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

KISSING CAMELS SURGERY CENTER, LLC,
CHERRY CREEK SURGERY CENTER, LLC,
ARAPAHOE SURGERY CENTER LLC, and
HAMPDEN SURGERY CENTER, LLC

       Plaintiffs,

v.

CENTURA HEALTH CORPORATION,

       Defendant.

No. 1:12-cv-03012-WJM-BNB

---

**DEFENDANT CENTURA HEALTH CORPORATION'S
MOTION TO STAY RESOLUTION OF DISMISSED DEFENDANTS' OBJECTION**

---

Defendant Centura Health Corporation ("Centura") respectfully moves this Court for an order staying resolution of the Dismissed Defendants' Objection to the Magistrate's Order ("Objection,"  Dkt. 218) pending the resolution of Centura's forthcoming motion for summary judgment, which Centura will file by the end of this month.  Centura has devoted a substantial sum of money in defending what have now been exposed as meritless claims and it is entitled to a prompt resolution of those claims following all of the work that has taken place in discovery.  If Centura's motion for summary judgment is granted, the Court will not need to resolve the procedural issues raised by the Dismissed Defendants' objections or otherwise review the Magistrate Judge's Order (Dkt. 212) because the Court will have determined the merits of plaintiffs' claims.  Judicial economy therefore favors entry of the requested stay.

In February, this Court held that plaintiffs failed to state claims against the Dismissed Defendants in the First Amended Complaint.  (Dkt. 177.)  The Court nonetheless permitted the plaintiffs to proceed with their claims against Centura.  Since then, Centura and plaintiffs worked

hard and they completed discovery at the end of June pursuant to a schedule carefully monitored by the Magistrate Judge.  Throughout discovery, plaintiffs sought to develop evidence of a conspiracy involving Centura and the Dismissed Defendants—indeed, such a claimed conspiracy is featured in every version of the complaint that plaintiffs have filed in this case.  During the discovery period, the parties took 47 depositions, including depositions of employees from all but one of the Dismissed Defendants (and that deposition was noticed and then cancelled by plaintiffs).  Further, both parties and non-parties (including all of the Dismissed Defendants) produced over 500,000 documents (consisting of over 2.2 million pages).  And plaintiffs have always taken the position that their Second Amended Complaint would not require any further discovery or any extension of the June 30 discovery period.  (Pls. Br. 2/26/14, Dkt. 179 at 12 (in seeking to file the Second Amended Complaint, "Plaintiffs are not seeking to make any new claims against Defendants or broaden the scope of discovery, but simply to clarify and bolster their allegations.")

In short, discovery is over and the due date for dispositive motions is rapidly approaching.  Centura is prepared to file a motion for summary judgment that will demonstrate the absence of any evidence to support plaintiffs' claims against either Centura or any of the Dismissed Defendants—whether as set forth in the First Amended Complaint (from which the Dismissed Defendants were dismissed) or the Second Amended Complaint (to which it makes no sense to add the Dismissed Defendants).  Centura, moreover, will file that motion no later than September 30, well in advance of the October 15 date for the filing of dispositive motions as set forth in the Magistrate Judge's pending schedule.  (Dkt. 209.)

Judicial economy also supports the requested stay.  No matter how the Court resolves the Dismissed Defendants' Objection, Centura will still file its motion for summary judgment.

There is no reason for the Court to decide whether the Dismissed Defendants should be brought back into the case based on the *allegations* in the Second Amended Complaint and the *arguments* in the briefing on the Dismissed Defendants' Objection (and perhaps to decide further motions following more rounds of briefing on any motions to dismiss), when discovery has been completed and a full record can now be presented to the Court from which the Court can proceed directly to evaluate as a matter of *substance* whether there actually are any facts to support the Second Amended Complaint.

Plaintiffs' claims have been fully and fairly discovered, and Centura is entitled to a prompt resolution of those claims.  Centura respectfully asks the Court to stay resolution of the Dismissed Defendants' Objection until after the Court has resolved Centura's forthcoming Motion for Summary Judgment.  Pursuant to D.C.COLO.LCivR 7.1(A), the undersigned discussed the relief requested with counsel for plaintiffs and counsel for the Dismissed Defendants.  The plaintiffs oppose the motion.  The Dismissed Defendants have advised that they take no position on this motion.

Dated:  September 11, 2014                    Respectfully Submitted,

*s/ Robert E. Haffke*
Thomas Demitrack
Robert E. Haffke
JONES DAY
901 Lakeside Avenue East
Cleveland, OH 44114
Tel:  216.586.7141
Email: tdemitrack@jonesday.com
Email: rhaffke@jonesday.com

Toby G. Singer
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Tel:  202.879.4654
Email:  tgsinger@jonesday.com

Paula W. Render
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL 60601
Tel: 312.782.3939
Email: prender@jonesday.com

Melvin B. Sabey
KUTAK ROCK LLP
1801 California Street, Suite 3100
Denver, CO 80202
Tel:  303.297.2400
Email:  mel.sabey@kutakrock.com

Attorneys for Defendants
CENTURA HEALTH CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joe R. Whatley, Jr.
jwhatley@whatleykallas.com
Edith Kallas
ekallas@whatleykallas.com
W. Tucker Brown
tbrown@whatleykallas.com
Deborah J. Winegard
dwinegard@whatleykallas.com

**Attorneys for Plaintiffs**

Lawrence W. Treece
ltreece@bhfs.com
Karl L. Schock
kschock@bhfs.com
Richard B. Benenson
rbenenson@bhfs.com

**Attorneys for Dismissed Defendant
United Healthcare of Colorado, Inc.**

Joshua Lipton
JLipton@gibsondunn.com
Laura M. Sturges
LSturges@gibsondunn.com

**Attorneys for Dismissed Defendant
Aetna Inc.**

Kathryn A. Reilly
Reilly@wtotrial.com

**Attorney for Dismissed Defendant
CASCA**

Lawrence G. Katz
lkatz@fostergraham.com

**Attorney for Dismissed Defendant
Audubon Ambulatory Surgery
Center, LLC**

E. Desmond Hogan
desmond.hogan@hoganlovells.com
Michael C. Theis
michael.theis@hoganlovells.com

**Attorneys for Dismissed Defendants
Rocky Mountain Hospital and
Medical Service, Inc. d/b/a Anthem
Blue Cross and Blue Shield of
Colorado**

*s/ Robert E. Haffke*
Robert E. Haffke

Attorney for Defendants
CENTURA HEALTH CORPORATION.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

KISSING CAMELS SURGERY CENTER, LLC,
CHERRY CREEK SURGERY CENTER, LLC,
ARAPAHOE SURGERY CENTER LLC, and
HAMPDEN SURGERY CENTER, LLC

    Plaintiffs,

No. 1:12-cv-03012-WJM-BNB

CENTURA HEALTH CORPORATION,

    Defendant.

---

**PROPOSED ORDER GRANTING CENTURA HEALTH CORPORATION'S MOTION
TO STAY RESOLUTION OF DISMISSED DEFENDANTS' OBJECTION**

---

Upon consideration of Centura Health Corporation's Motion to Stay Resolution of Dismissed Defendants' Objection, the Court hereby grants the motion and orders that resolution of the Dismissed Defendants' Objection (Dkt. 218) will be stayed pending the resolution of Centura's Motion for Summary Judgment.

ORDERED this ___ day of September, 2014.

BY THE COURT:

_____