**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| KISSING CAMELS SURGERY CENTER, LLC, CHERRY CREEK SURGERY CENTER, LLC, ARAPAHOE SURGERY CENTER LLC, and HAMPDEN SURGERY CENTER, LLC<br><br>      Plaintiffs,<br><br>v.<br><br>CENTURA HEALTH CORPORATION,<br><br>      Defendant. | No. 1:12-cv-03012-WJM-BNB |

**JOINT MOTION FOR LEAVE TO FILE A REDACTED VERSION OF CENTURA
HEALTH CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND TO
RESTRICT ACCESS TO THE UNREDACTED MOTION AND EXHIBITS
(RESTRICTED DKT.  228)**

Defendant Centura Health Corporation ("Centura") and Plaintiffs Kissing Camels

Surgery Center, LLC, Cherry Creek Surgery Center, LLC, Arapahoe Surgery Center, LLC, and

Hampden Surgery Center, LLC, hereby submit this Joint Motion for Leave to File a Redacted

Version of Centura Health Corporation's Motion for Summary Judgment and to Restrict Access

to the Unredacted Motion and Exhibits.  In support of this Motion, Centura and Plaintiffs state as

follows:

On September 30, 2014, Centura filed its Motion for Summary Judgment and all exhibits

to that motion as Level 1 restricted documents under D.C.COLO.LCivR 7.2, pursuant to which

parties have 14 days to file a motion to restrict.  (Restricted Dkt. 228).  Centura's motion and its

exhibits incorporate evidentiary materials and excerpts from those materials designated "highly

confidential" and "confidential" under the protective orders entered by the Court in this case.

(Dkt. 79, 141.)  The motion and exhibits contain confidential and sensitive business information

relative to the parties, the Dismissed Defendants, and various non-parties.  Plaintiffs and Centura have conferred on how best to protect this information while also respecting the public's right of access to court documents, and submit that filing a redacted version of Centura's Motion for Summary Judgment that would be available to the public, while maintaining a Level 1 restriction as to the original motion and all of its exhibits, appropriately strikes this balance.  Furthermore, Centura has conferred with the Dismissed Defendants regarding this motion and invited them to propose any redactions they deem necessary to protect their confidential business information.  Attached to this motion as Exhibit A is a version of Centura's Motion for Summary Judgment and Memorandum in Support that contains the collective redactions of Plaintiffs, Centura, Aetna, Anthem, United HealthCare, and CASCA (who stated that it did not have any proposed redactions).  The other dismissed defendant Auduon did not respond to Centura's invitation to propose redactions.  There are no other changes to Centura's Motion for Summary Judgment and Memorandum in Support.

The filing of a publicly available but redacted version of Centura's Motion for Summary Judgment will allay any concerns pertaining to judicial secrecy that may attend the filing of a restricted document.  *Asher v. Colgate-Palmolive Co.*, No. 10-cv-01468-MSK-KMT, 2012 U.S. Dist. LEXIS 130481, at *23 (D. Colo. Sept. 12, 2012).  Indeed, the public availability of Centura's redacted motion will ensure that the public is "able to review the factual basis of [the] Court's decisions and evaluate the Court's rationale so that it may be confident that the court is functioning as a neutral arbiter." *Id.* (citing *United States v. McVeigh*, 119 F.3d 806, 814 (10th Cir. 1997)).  And redacting the sensitive business information that, but for this litigation, would otherwise be kept secret and confidential, will protect the parties, the Dismissed Defendants and various non-parties from disclosure of such information to other participants in the marketplace.

The disclosure of this information to other market participants would pose a serious threat of those participants using the information to their unfair advantage. Redaction is therefore warranted.

While Centura's redacted motion and memorandum in support can be filed without restriction, a Level 1 restriction is necessary to protect the sensitive business information that has been redacted and that pervades Centura's supporting exhibits. These exhibits largely consist of deposition transcripts, deposition exhibits and documents produced during discovery that were designated "highly confidential" or "confidential" under the protective orders. With respect to Plaintiffs, the exhibits contain, among other things, comprehensive details about plaintiffs' business operations, billing practices and internal business decisions. Many exhibits contain similar information with respect to non-party SurgCenter Development and several of the non-party ambulatory surgery centers developed by SurgCenter throughout the country. As for Centura, the exhibits describe Centura's strategies for operating its hospital system in Colorado, including detailed information and internal communications regarding Centura's market strategies in Colorado Springs. The exhibits related to the Dismissed Defendants also contain highly confidential and sensitive business information. For example, with respect to the dismissed payors, the exhibits illustrate how those payors, among other things, strategically build their insurance networks and reimburse in-network and out-of-network providers.

Due to the nature of this case and the law at issue, the exhibits attached to Centura's motion are replete with sensitive business information that would remain secret and confidential but for this litigation. A Level 1 restriction is therefore necessary to prevent the public disclosure of information that could allow other market participants to unfairly benefit from the knowledge of the confidential business strategies and practices of the parties, the Dismissed

Defendants and the various non-parties referenced in the exhibits. Moreover, such information is of little value to the public in general, and as noted above, the public availability of Centura's redacted motion will allow the public to adequately evaluate this Court's rationale.

Accordingly, the parties respectfully request that the Court grant this Motion and issue an order (1) granting Centura leave to file Exhibit <u>A</u>, the redacted version of Centura's Motion for Summary Judgment and Memorandum in Support, and (2) declaring that Centura's unredacted Motion for Summary Judgment and Memorandum in Support and all exhibits (Restricted Dkt. 228) shall remain subject to a Level 1 restriction.

Dated:  October 14, 2014

Respectfully Submitted,

*s/ Joe R. Whatley, Jr.*

Joe R. Whatley, Jr.
WHATLEY KALLAS, LLC
720 East Durant Avenue
Suite E6
Aspen, CO 81611
Tel:  800.695.6750
Fax: 800.922.4851

Edith M. Kallas
WHATLEY KALLAS, LLC
380 Madison Ave., 23rd Floor
New York, NY 10017
Tel:  212.447.7060
Fax: 800.922.4851

W. Tucker Brown
WHATLEY KALLAS, LLC
2001 Park Place Tower, Suite 1000
Birmingham, AL 35203
Tel:  205.488.1200
Fax: 800.922.4851

Deborah J. Winegard
WHATLEY KALLAS, LLC
1068 Virginia Ave., NE
Atlanta, GA 30306
Tel:  404.607.8222
Fax: 404.607.8451

Attorneys for Plaintiffs

*s/ Robert E. Haffke*

Thomas Demitrack
Robert E. Haffke
JONES DAY
901 Lakeside Avenue East
Cleveland, OH 44114
Tel:  216.586.7141
Email: tdemitrack@jonesday.com
Email: rhaffke@jonesday.com

Toby G. Singer
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Tel:  202.879.4654
Email:  tgsinger@jonesday.com

Paula W. Render
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL 60601
Tel: 312.782.3939
Email: prender@jonesday.com

Melvin B. Sabey
KUTAK ROCK LLP
1801 California Street, Suite 3100
Denver, CO 80202
Tel:  303.297.2400
Email:  mel.sabey@kutakrock.com

Attorneys for Defendants
CENTURA HEALTH CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joe R. Whatley, Jr.
jwhatley@whatleykallas.com
Edith Kallas
ekallas@whatleykallas.com
W. Tucker Brown
tbrown@whatleykallas.com
Deborah J. Winegard
dwinegard@whatleykallas.com

**Attorneys for Plaintiffs**

Lawrence W. Treece
ltreece@bhfs.com
Karl L. Schock
kschock@bhfs.com
Richard B. Benenson
rbenenson@bhfs.com

**Attorneys for Dismissed Defendant
United Healthcare of Colorado, Inc.**

Joshua Lipton
JLipton@gibsondunn.com
Laura M. Sturges
LSturges@gibsondunn.com

**Attorneys for Dismissed Defendant
Aetna Inc.**

Kathryn A. Reilly
Reilly@wtotrial.com

**Attorney for Dismissed Defendant
CASCA**

Lawrence G. Katz
lkatz@fostergraham.com

**Attorney for Dismissed Defendant
Audubon Ambulatory Surgery
Center, LLC**

E. Desmond Hogan
desmond.hogan@hoganlovells.com
Michael C. Theis
michael.theis@hoganlovells.com

**Attorneys for Dismissed Defendants
Rocky Mountain Hospital and
Medical Service, Inc. d/b/a Anthem
Blue Cross and Blue Shield of
Colorado**

*s/ Robert E. Haffke*
Robert E. Haffke

Attorney for Defendant
CENTURA HEALTH CORPORATION

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

KISSING CAMELS SURGERY CENTER, LLC,
CHERRY CREEK SURGERY CENTER, LLC,
ARAPAHOE SURGERY CENTER LLC, and
HAMPDEN SURGERY CENTER, LLC

    Plaintiffs,

No. 1:12-cv-03012-WJM-BNB

CENTURA HEALTH CORPORATION,

    Defendant.

---

**PROPOSED ORDER GRANTING JOINT MOTION FOR LEAVE TO FILE A
REDACTED VERSION OF CENTURA HEALTH CORPORATION'S MOTION FOR
SUMMARY JUDGMENT AND TO RESTRICT ACCESS TO THE UN-REDACTED
MOTION AND EXHIBITS (RESTRICTED DKT.  228)**

---

Upon consideration of the Joint Motion for Leave to File a Redacted Version of Centura

Health Corporation's Motion for Summary Judgment and to Restrict Access to the Un-redacted

Motion and Exhibits (the "Motion"), the Court hereby grants the Joint Motion and orders that:

1.  The redacted version of Centura's Motion for Summary Judgment and Memorandum

in Support, attached as Exhibit A to the Motion, shall be filed as an unrestricted document; and

2.  The original, unredacted version of Centura Health Corporation's Motion for

Summary Judgment and Memorandum in Support and all exhibits (Restricted Dkt. 228) shall

remain subject to a Level 1 restriction.

ORDERED this ___ day of _____, 2014.

BY THE COURT:

_____