**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-3012-WJM-BNB

KISSING CAMELS SURGERY CENTER, LLC,
CHERRY CREEK SURGERY CENTER, LLC,
ARAPAHOE SURGERY CENTER, LLC, and
HAMPDEN SURGERY CENTER, LLC,

      Plaintiff,

v.

CENTURA HEALTH CORPORATION,

      Defendant.

---

**ORDER OVERRULING IN PART AND SUSTAINING IN PART DISMISSED
DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S ORDER**

---

This matter is before the Court on a filing by former Defendants Colorado

Ambulatory Surgery Center Association, Inc., Rocky Mountain Hospital and Medical

Service, Inc, d/b/a Anthem Blue Cross and Blue Shield of Colorado, UnitedHealthcare

of Colorado, Inc., Audubon Ambulatory Surgical Center, LLC, and Aetna, Inc.

(collectively "Dismissed Defendants") objecting to an order by U.S. Magistrate Judge

Boyd N. Boland ("Objection").  (ECF No. 218.)  For the reasons set forth below, the

Objection is sustained in part and overruled in part.

**I.  LEGAL STANDARD**

A magistrate judge may issue orders only on nondispositive motions.  *Ocelot Oil*

*Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988).  Whether motions to

amend a complaint are dispositive is an unsettled issue.  *See Chavez v. Hatterman*,

2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases).  When an order denying a motion to amend removes or precludes a defense or claim from the case, it may be dispositive.  *Zinn-Hoshijo v. Comm. for Catholic Secondary Educ. in Colo. Springs*, 2012 WL 1582784, at *1 (D. Colo. May 7, 2012).

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.

In contrast, when reviewing an objection to a Magistrate Judge's non-dispositive ruling, the Court must adopt the ruling unless it finds that the ruling is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil*, 847 F.2d at 1464.  The "contrary to law" standard permits "plenary review as to matters of law," 12 Charles Alan Wright, Arthur R. Miller, Richard L. Cooper, Federal Practice and Procedure § 3069 p. 355 (2d ed. 1997), but the Court will set aside a Magistrate Judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly.  *See Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002).

2

## II.  DISCUSSION

The Dismissed Defendants' Motion challenges Magistrate Judge Boland's Order

granting Plaintiffs' Motion for Leave to Amend their complaint ("Magistrate Judge's

Order") (ECF No. 212).  The Magistrate Judge's Order, issued on August 12, 2014,

found that Plaintiffs had met the standards of Federal Rules of Civil Procedure 15 and

16, and had shown good cause to extend the deadline in the Scheduling Order for

amendment of pleadings to permit the proposed amendment of the complaint.  (*Id.*)

Plaintiffs' Second Amended Complaint (ECF No. 213) reinstates their claims against

the Dismissed Defendants, which were previously dismissed on February 13, 2014 in

an order granting the Dismissed Defendants' Motions to Dismiss ("Dismissal Order").

(ECF No. 177.)

The Dismissed Defendants now object to the Magistrate Judge's Order on the

basis that the Dismissal Order effected a dismissal of all claims against them with

prejudice, and therefore they are not subject to reinstatement as defendants.  (*See* ECF

No. 218 at 2-4.)

### A.    Effect of Dismissal Order

The Dismissal Order is silent as to whether the claims against the Dismissed

Defendants were dismissed with or without prejudice.  (ECF No. 177 at 23.)  Rule 41(b)

governs involuntary dismissals, and states that "[u]nless the dismissal order states

otherwise, . . . [an involuntary dismissal]—except one for lack of jurisdiction, improper

venue, or failure to join a party under Rule 19—operates as an adjudication on the

merits."  Because the Dismissal Order does not specify that the claims against the

3

Dismissed Defendants are dismissed without prejudice, the Dismissed Defendants contend that the dismissal of the claims against them was "an adjudication on the merits", which Tenth Circuit law establishes as a dismissal with prejudice.  (ECF No. 218 at 4.)  Plaintiffs do not contest this reading of Rule 41(b), arguing instead that such a dismissal is still subject to revision under Rule 54(b) because it did not have the effect of a final adjudication of all claims and parties.  (ECF No. 225 at 3-5.)

The Court agrees with the Dismissed Defendants that, pursuant to Rule 41(b), the Dismissal Order must be read to have effected a dismissal with prejudice.  As a result, the claims against the Dismissed Defendants could not be reinstated without amending the Dismissal Order to specify that the dismissal is without prejudice. However, the Magistrate Judge's Order permitted Plaintiffs to amend their Complaint to reinstate the claims against the Dismissed Defendants without such an amendment. To that extent, the Magistrate Judge's Order must be vacated as contrary to law.  *See Ocelot Oil*, 847 F.2d at 1464; Fed. R. Civ. P. 72(a).  Accordingly, the Objection is sustained insofar as it sought to vacate the Magistrate Judge's Order.

**B.    Motion to Amend**

As a result of the vacatur of the Magistrate Judge's Order, Plaintiffs' Motion for Leave to File a Second Amended Complaint ("Motion to Amend") (ECF No. 179) is once again pending.  The Court has reviewed the Magistrate Judge's Order, and finds that it thoroughly analyzes Plaintiffs' and Centura's arguments under Rules 15 and 16. (ECF No. 212.)  Thus, because a denial of the Motion to Amend would be dispositive of Plaintiffs' claims against the Dismissed Defendants, the Court construes the Magistrate Judge's Order as a Report and Recommendation as to the appropriate analysis under

4

Rules 15 and 16, and will conduct *de novo* review of the portions of that Order to which the parties have stated their objections.  Fed. R. Civ. P. 72(b)(3); *Zinn-Hoshijo*, 2012 WL 1582784, at *1.

The Dismissed Defendants object to the Magistrate Judge's Order to the extent that it failed to consider the "severe prejudice" the Dismissed Defendants would face upon reinstating Plaintiffs' claims against them, "because they had no opportunity to participate in the bulk of discovery in this case."  (ECF No. 218 at 5.)  Specifically, the Dismissed Defendants point out that, after their dismissal, Plaintiffs and Centura conducted nearly six months of discovery, including 40 depositions and expert reports. (ECF No. 226 at 3.)

In response, Plaintiffs argue that the Magistrate Judge's Order already considered the possibility that undue prejudice would result from the amendment, and rejected that argument.  (ECF No. 225 at 7 (quoting ECF No. 212 at 5).)  However, the Magistrate Judge's Order dealt with the potential prejudice to Centura, not to the Dismissed Defendants.  (ECF No. 212 at 4-5.)  Indeed, prior to the hearing before the Magistrate Judge on the Motion to Amend, the Dismissed Defendants filed a Notice informing the Court that, based on their contention that the claims against them were dismissed with prejudice, they would not participate in the briefing or the hearing on the Motion to Amend.  (ECF No. 189.)  Thus, the Magistrate Judge's Order did not consider any prejudice to the Dismissed Defendants in evaluating the proposed amendment under Rule 15.  (*See* ECF No. 212.)

In considering the Dismissed Defendants' argument *de novo*, the Court finds that the prejudice they cite does not constitute undue prejudice sufficient to deny the Motion

to Amend.  In unobjected-to findings, the Magistrate Judge noted that Plaintiffs promptly

sought leave to amend after the Dismissal Order was issued, that the proposed

amendments are designed to resolve the deficiencies identified in the Dismissal Order,

and that the facts on which the amendments are based were learned through recent

discovery.  (ECF No. 212 at 5.)  Although the Magistrate Judge's Order did not explicitly

consider prejudice to the Dismissed Defendants, the Magistrate Judge's analysis of the

prejudice to Centura is instructive, as the nature of the claimed prejudice here is the

same as that claimed by Centura in its opposition to the Motion to Amend.  The Court

recognizes that "[t]he natural operation of the judicial system may result in some

inefficiencies based on allowing the plaintiffs to amend—*e.g.*, some depositions may

have to be supplemented, some pleadings revised, and the expert reports reworked."

(*Id.*)  However, the Court finds that this prejudice is not sufficiently undue to deny the

Motion to Amend, given the liberal policy in favor of amendment as expressed in Rule

15, and the fact that the proposed amendments have been tailored to address the

pleading deficiencies in the First Amended Complaint.  *See Hardin v. Manitowoc-

Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982) (the purpose of Rule 15 is to

provide litigants "the maximum opportunity for each claim to be decided on its merits

rather than on procedural niceties").

The Court has reviewed the unobjected-to remainder of the Magistrate Judge's

Order and finds it well-reasoned.  Accordingly, the Court adopts the Magistrate Judge's

analysis and finds that permitting the amendment is appropriate under Rules 15 and 16.

However, as discussed above, in order to reinstate Plaintiffs' claims against the

Dismissed Defendants, the Dismissal Order must first be amended to specify that those

claims are dismissed without prejudice.

As to that question, Plaintiffs argue that Rule 54(b) permits such a revision to any order that does not finally adjudicate all claims as to all parties.  (ECF No. 225 at 3.) Plaintiffs contend that the Court may revise its Dismissal Order in its discretion even at this stage of the case.  (*Id.* (citing *Anixter v. Home-Stake Production Co.*, 977 F.2d 1533, 1547-49 (10th Cir. 1992) (affirming district court's order reviving dismissed claims seventeen days into trial)).)  The Dismissed Defendants point out that Plaintiffs did not move for such a revision, and argue that the Magistrate Judge was not empowered to perform that revision.  (ECF No. 226 at 2.)  While the Magistrate Judge may have lacked that authority, the Dismissed Defendants do not dispute that this Court may revise its own Dismissal Order, nor do they raise any arguments against such a revision apart from the prejudice already discussed.

The Court finds that, given the ambiguity of the Dismissal Order, Plaintiffs' Motion to Amend may be construed as also requesting revision of the Dismissal Order in order to permit the requested amendments.  As discussed above, the Court has found that the prejudice to the Dismissed Defendants is not undue prejudice sufficient to deny the amendment.  Accordingly, the Court finds it appropriate to exercise its discretion and amend the Dismissal Order to specify that the dismissal is without prejudice, in order to permit the proposed amendments.

Therefore, the Objection is overruled to the extent that it seeks denial of Plaintiffs' Motion to Amend.

## III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    The Dismissed Defendants' Objection to the Magistrate Judge's August 12, 2014

Order (ECF No. 212) is SUSTAINED IN PART and OVERRULED IN PART;

2.    The Magistrate Judge's August 12, 2014 Order (ECF No. 212) is VACATED as

an Order and is instead construed as a Report and Recommendation, which is

ADOPTED IN PART as discussed herein;

3.    The Dismissal Order (ECF No. 177) is AMENDED to state that all claims

dismissed therein for failure to state a claim are DISMISSED WITHOUT

PREJUDICE;

4.    Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 181) is

GRANTED and the Second Amended Complaint (ECF No. 213) is ACCEPTED

AS FILED; and

5.    The Dismissed Defendants shall file an Answer or responsive pleading to the

Second Amended Complaint on or before November 26, 2014.


Dated this 4th day of November, 2014.

                                        BY THE COURT:


                                        _____
                                        William J. Martínez
                                        United States District Judge