**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-03012-WJM-BNB

KISSING CAMELS SURGERY CENTER, LLC,
CHERRY CREEK SURGERY CENTER, LLC,
ARAPAHOE SURGERY CENTER, LLC, and
HAMPDEN SURGERY CENTER, LLC,

      Plaintiffs,

v.

CENTURA HEALTH CORPORATION,
AETNA, INC.,
UNITED HEALTHCARE OF COLORADO, INC.,
ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC.
d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD OF COLORADO and
COLORADO AMBULATORY SURGERY CENTER ASSOCIATION, INC.

      Defendants.

---

**JOINT STATUS REPORT**

---

In accordance with this Court's Minute Order of June 18, 2015 (Dkt. 296), the parties met and conferred on July 17, 2015 and July 24, 2015, and submit this Joint Status Report addressing what discovery, if any, remains outstanding in this case.

    **I.**    **CURRENT POSTURE OF THE CASE**

By order dated February 13, 2014 (Dkt. 175), the Court originally granted Defendants' Aetna, Inc. ("Aetna"), UnitedHealthcare of Colorado, Inc. ("United"), Rocky Mountain Hospital and Medical Service, Inc. ("Anthem"), and the Colorado Ambulatory Service Center Association

("CASCA") (collectively, the "Previously Dismissed Defendants") Motions to Dismiss in this case. That same order denied Defendant Centura Health Corporation's ("Centura") Motion to Dismiss. The Plaintiffs and Centura completed discovery on June 30, 2014 and Centura's Motion for Summary Judgment has been fully briefed.

The Previously Dismissed Defendants have not yet answered or otherwise responded to the Third Amended Complaint. These responses are currently due July 31, 2015. However, United was granted a further 60 day extension to respond, or until September 30, 2015 (Dkt. 303) and Anthem and Aetna have jointly moved for a similar extension (Dkt. 304). Plaintiffs have not opposed these extensions. Some of the Previously Dismissed Defendants have also advised Plaintiffs that they may bring counterclaims against the Plaintiffs and SurgCenter Development, Inc. ("SurgCenter").

## II.  PARTIES' POSITION ON REMAINING DISCOVERY

### A.  Plaintiffs' Position

#### 1.  Plaintiffs' Position on Additional Discovery

Plaintiffs have already produced 208,761documents, consisting of 1,301,032 pages in this litigation. Of those, 40,208 documents, consisting of 169,722 pages, were produced by SurgCenter. In addition, 48 depositions were taken in this case.

Prior to their original dismissal from the case, with the exception of United, all the Previously Dismissed Defendants had represented to Plaintiffs that they had completed document production in response to Plaintiffs' Requests for Production of Documents. Plaintiffs anticipate seeking limited updated discovery from all of the Previously Dismissed Defendants and completion by United of its previous production. In addition, Plaintiffs will likely need

limited discovery to rebut any defenses raised by the Previously Dismissed Defendants in response to the Third Amended Complaint. For example, if, as anticipated, the Previously Dismissed Defendants argue that the actions they took to terminate physicians referring patients to the Plaintiff Ambulatory Surgery Centers were similar to actions taken in other states, the Plaintiffs will seek discovery on any such actions. Because Plaintiffs have not yet had the opportunity to review any counterclaims that the Previously Dismissed Defendants may assert, it is premature to assess any discovery needed to respond to the counterclaims.

2. **Plaintiffs' Comments on Previously Dismissed Defendants' Position on Additional Discovery**

Plaintiffs recognize that the Previously Dismissed Defendants have not had the opportunity to review all of the discovery produced in Plaintiffs' litigation with Centura. Nonetheless, Plaintiffs believe that all of the discovery listed by the Previously Dismissed Defendants below has already been produced in this litigation, and would only need to be updated. Therefore, Plaintiffs are separately filing an Unopposed Motion to Continue the Status Conference for 60 days to allow the Previously Dismissed Defendants time to review previously produced discovery to determine what, if any, additional discovery is actually needed. In Plaintiffs' view, the Previously Dismissed Defendants' description of Plaintiffs' document production in section C below does not accurately reflect the documents and electronic data already produced demonstrating the need for additional meet and confers to provide the Previously Dismissed Defendants with a better understanding of the existing discovery before insisting on serving additional or perhaps duplicative discovery. Plaintiffs are committed to providing the Previously Dismissed Defendants all of this discovery as soon as possible.

Specifically, with respect to the categories of discovery listed by the Previously

Dismissed Defendants, the requested transactional data (a and b)[1] were produced in response to Defendants' Second Request for Production of Documents #1, attached hereto as Ex. A. Plaintiffs' communications regarding patient collection policies (c and d) were produced in response to Defendants First Request for Production of Documents #3 ("1st RFP," attached as Ex. B) and Centura's subpoena to SurgCenter, topic #2 (attached as Ex. C). Documents concerning the Plaintiffs' operations and financial performance (e) were produced in response to Defendants' 1st RFP #4 and #7. Documents mentioning "cherry picking" (f and g) were included in response to various requests, including the document bearing Bates stamp number SCD00089657. Documents related to managed care contracts were attached in response to Defendants 1st RFP #6. Plaintiffs' communications on the subjects listed in I were produced in response to various of the Requests in Defendants' 1st RFP.

Although the Previously Dismissed Defendants have framed their requests for additional discovery in terms of counterclaims they intend to bring against the Plaintiffs and SurgCenter, the evidence related to these counterclaims largely overlaps with the evidence related to the claims set forth in the Third Amended Complaint and need not be subject to new or duplicative Requests for Production of Documents. Moreover, several of the counterclaims that the Previously Dismissed Defendants anticipate bringing were brought by Cigna in related litigation and were dismissed on Counterclaim Defendants' Motion to Dismiss. Specifically, in *Arapahoe Surgery Center, LLC et al v. Cigna Healthcare, Inc., et al.*, Case 1:13-cv-03422-WJW-CBS, the Court dismissed Cigna's counterclaims against the Plaintiffs and SurgCenter for fraud, negligent

---

[1] The references to "a and b" and subsequent letters refer to the categories of documents listed by the Previously Dismissed Defendants herebelow.

misrepresentation and violation of Colorado Criminal Code § 18-4-405. (Dkt. 80). Consequently, the Plaintiffs anticipate moving to stay discovery on any of these claims until the Court rules on Counterclaim Defendants' Motion to Dismiss any similar counterclaims brought by the Previously Dismissed Defendants. Notwithstanding any stay, Plaintiffs would not delay providing the Previously Dismissed Defendants with the previously produced discovery.

### B. Previously Dismissed Defendants' Position:

The Previously Dismissed Defendants anticipate requiring the following discovery:

1. Discovery in support of counterclaims (anticipated claims include claims declaratory judgment for violating Colorado Criminal Code 13-13-119, unjust enrichment, tortious interference, deceptive trade practices, fraud, negligent misrepresentation, civil theft). For example, written discovery, document production and deposition testimony relating to Plaintiffs:

   a. Transactional data (in electronic format) showing all charges to plans and to patients, and their reimbursements

   b. Transactional data (in electronic format) showing all of their patient procedures and billing codes

   c. Plaintiffs' communications with patients regarding waivers of co-pays or waiver or amounts due or use of network and OON facilities

   d. Plaintiffs' communications with payors regarding rates charged and any disclosure of waiver or reduction of patient co-pays or other financial responsibilities.

   e. Plaintiffs' operations and financial performance.

   f. Plaintiffs' (and their physician owners') business practice of "cherry picking" cases of patients with OON benefits for referral to their OON ASCs.

   g. Plaintiffs' (and their physician owners') business practices of "cherry picking" Medicare cases for referral in network ASCs.

       h. Plaintiffs' recent decision to seek in network status with certain payors.

       i. Plaintiffs' communication with themselves, SurgCenter and their physician owners regarding any collaboration, joint plans, meetings, agreements or understandings to (i) implement a OON strategy; (ii) to charge all payors eight times Medicare for all services; and (iii) to respond to inquiries regarding credentialing and entering into network agreements with providers.

    2. Discovery from SurgCenter

It is likely SurgCenter will be named as a party. We understand SurgCenter provided some, but not comprehensive, discovery. Discovery topics for SurgCenter will likely overlap with those to Plaintiffs.

    3. Supplemental Discovery in Support of Defenses to the Antitrust Claims

The Previously Dismissed Defendants have had no opportunity to take any discovery regarding their defenses. We recognize that extensive discovery has been taken previously, including discovery targeted at the supposed conspirators. Accordingly, we will review the discovery record when it is provided to us, and we will be targeted in any further discovery requests to avoid duplication with previous discovery.

    **C. Response to Plaintiffs' comments on additional discovery and counterclaims.**

Plaintiffs are incorrect in asserting that all of the materials sought by the Previously Dismissed Defendants have already been produced. For example, the Previously Dismissed Defendants understand that Plaintiffs never produced any sort of comprehensive transaction data – certainly not in an electronic format that is comparable to the format upon which the Plaintiffs insisted for the data produced by the Previously Dismissed Defendants. Instead, Plaintiffs produced thousands of pages of hard copy billing materials, seemingly grouped by day or week, that showed some combination of the calculation of patient responsibility, EOBs received from

insurance companies (possibly provided to Plaintiffs by the patients), and copies of checks or in some instances cash paid to satisfy the amounts actually billed. Further, Plaintiffs' last production of documents was made many months ago. Of course, the Previously Dismissed Defendants will seek to avoid duplicative discovery; and to the extent materials sought by the Previously Dismissed Defendants were previously produced, the Plaintiffs may direct the Previously Dismissed Defendants to those materials.

The Previously Dismissed Defendants do not agree with Plaintiffs' suggestion that discovery be stayed pending a resolution of Plaintiffs' motion to dismiss the counterclaims. When the shoe was on the other foot – that is, when the Previously Dismissed Defendants filed a motion to dismiss the claims asserted against them by the Plaintiffs – the Plaintiffs insisted that discovery go forward while the motions to dismiss were pending. The Court agreed, and discovery proceeded while the motions were pending. Indeed, as the Plaintiffs note, the Previously Dismissed Defendants completed their document productions while their motions to dismiss were pending. There is no basis for a different result now. The motion to dismiss ruling in the *Cigna* case will not require dismissal of any of the Previously Dismissed Defendants' counterclaims, which will differ from Cigna's dismissed counterclaims in critical respects; and in any event, several of the counterclaims in *Cigna* survived dismissal. Moreover, given the procedural posture of the case, staying discovery on the Previously Dismissed Defendants' counterclaims would disserve the interests of efficiency and of moving the case forward expeditiously.

### D.  Defendant Centura's Position

Following the close of discovery on June 30, 2014, per the Court's November 26, 2013 Scheduling Order (Dkt. 158), Centura filed a summary judgment motion.  It has been fully briefed and is awaiting argument, if the Court desires it, and decision.

| | |
|---|---|
| Dated:  July 28, 2015 | Respectfully Submitted, |
| *s/ W. Tucker Brown* | *s/ Robert E. Haffke* |
| W. Tucker Brown<br>WHATLEY KALLAS, LLP<br>2001 Park Place Tower, Suite 1000<br>Birmingham, AL 35203<br>Tel:  205.488.1200<br>Fax: 800.922.4851 | Thomas Demitrack<br>Robert E. Haffke<br>JONES DAY<br>901 Lakeside Avenue East<br>Cleveland, OH 44114<br>Tel:  216.586.7141<br>Email: tdemitrack@jonesday.com<br>Email: rhaffke@jonesday.com |
| Joe R. Whatley, Jr.<br>WHATLEY KALLAS, LLP<br>720 East Durant Avenue<br>Suite E6<br>Aspen, CO 81611<br>Tel:  800.695.6750<br>Fax: 800.922.4851 | Toby G. Singer<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, DC 20001<br>Tel:  202.879.4654<br>Email:  tgsinger@jonesday.com |
| Edith M. Kallas<br>WHATLEY KALLAS, LLP<br>1180 Avenue of the Americas, 20th Floor<br>New York, NY 10036<br>Tel:  212.447.7060<br>Fax: 800.922.4851 | Paula W. Render<br>JONES DAY<br>77 West Wacker Drive, Suite 3500<br>Chicago, IL 60601<br>Tel: 312.782.3939<br>Email: prender@jonesday.com |
| Deborah J. Winegard<br>WHATLEY KALLAS, LLP<br>1068 Virginia Ave., NE<br>Atlanta, GA 30306<br>Tel:  404.607.8222<br>Fax: 404.607.8451 | Melvin B. Sabey<br>KUTAK ROCK LLP<br>1801 California Street, Suite 3100<br>Denver, CO 80202<br>Tel:  303.297.2400<br>Email:  mel.sabey@kutakrock.com |
| **Attorneys for Plaintiffs** | **Attorneys for Defendants**<br>**CENTURA HEALTH CORPORATION** |

*/s/ Richard B. Benenson*
Lawrence W. Treece
Richard B. Benenson
BROWNSTEIN HYATT FARBER SCHRECK, LLP-DENVER
410 17th Street, #2200
Tel: 303.223.1100
ltreece@bhfs.com
kschock@bhfs.com
rbenenson@bhfs.com

**Attorneys for Defendant UnitedHealthcare of Colorado, Inc.**

*/s/ Kathryn A. Reilly*
Kathryn A. Reilly
WHEELER TRIGG O'DONNELL, LLP
370 17th Street
Suite 4500
Denver, CO 80202-5647
Tel: 303.244.1800
Reilly@wtotrial.com

**Attorney for Defendant Colorado Ambulatory Surgery Center Association, Inc.**

*/s/ E. Desmond Hogan*
E. Desmond Hogan
Craig Alan Hoover
HOGAN LOVELLS US LLP-DC
555 13th St. N.W.
Columbia Square
#1300
Washington, DC  20004-1109
Tel:  202.637.5694
desmond.hogan@hoganlovells.com
craig.hoover@hoganlovells.com

David A. DeMarco
Michael C. Theis
HOGAN LOVELLS US LLP-Denver
1200 Seventeenth Street
One Tabor Center
Suite 1500
Denver, CO  80202
Tel:  303-899-7381
david.demarco@hoganlovells.com
michael.theis@hoganlovells.com

**Attorneys for Defendants Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield of Colorado**