**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-03012-WJM-NYW

KISSING CAMELS SURGERY CENTER, LLC,
CHERRY CREEK SURGERY CENTER, LLC,
ARAPAHOE SURGERY CENTER, LLC, and
HAMPDEN SURGERY CENTER, LLC,

    Plaintiffs,

v.

CENTURA HEALTH CORPORATION,
COLORADO AMBULATORY SURGERY CENTER ASSOCIATION, INC.,
ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC., d/b/a ANTHEM BLUE
CROSS AND BLUE SHIELD OF COLORADO,
UNITED HEALTHCARE OF COLORADO, INC., and
AETNA, INC.,

    Defendants.

---

**ORDER**

---

Magistrate Judge Nina Y. Wang

This civil action comes before the court on two matters. First, the court considers the Motion for Order Joining SurgCenter as Counterclaim Defendant ("Motion to Join SurgCenter") [#316] filed by Defendant UnitedHealthcare of Colorado, Inc. ("United") on September 30, 2015, which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order of Reference dated November 19, 2012 [#4], the Reassignment dated February 9, 2015 [#289], and the memorandum dated October 1, 2015 [#322]. United's Motion to Join SurgCenter Development Inc. ("SurgCenter") is fully briefed, the court heard oral argument on November 19, 2015, and took the motion under advisement at that time. In addition, the court

considers the Counterclaim Defendants' Motion to Stay Discovery filed by Arapahoe Surgery Center, LLC ("Arapahoe"), Cherry Creek Surgery Center, LLC ("Cherry Creek"), and Hampden Surgery Center, LLC ("Hampden"). [#347].

Having reviewed the Parties' briefing, considered the comments offered by counsel at oral argument, and analyzed the relevant case law, the court hereby GRANTS the Motion to Join SurgCenter and DENIES the Motion to Stay Discovery for the reasons set forth herein.

## BACKGROUND

The procedural background of this case is relevant to the instant Motion to Join SurgCenter, and therefore, this court will take the time to recount it here, with a focus on United as it is the party seeking to add SurgCenter as a counterclaim defendant. This case was originally initiated by Plaintiffs Kissing Camels Surgery Center, LLC ("Kissing Camels"), Cherry Creek, Arapahoe, and Hampden (collectively, "Plaintiffs"). Plaintiffs are ambulatory surgery centers; they operate as health care centers and provide treatments historically performed at hospitals, but they serve as alternatives to hospitals. [#1 at ¶¶ 1, 13]. In their original Complaint, Plaintiffs named as defendants HCA, Inc., HCA-HealthOne LLC (together with HCA, Inc., "HealthOne"), Centura Health Corporation ("Centura"), Colorado Ambulatory Surgery Center Association, Inc. ("CASCA"), and Kaiser Foundation Health Plan of Colorado ("Kaiser") (collectively, "Original Defendants."). [#1]. In the original Complaint, HealthOne is identified as a hospital system that owns a number of health care facilities in Colorado, [*id.* at ¶ 6]; Centura is identified as a healthcare network which includes "13 hospitals, 11 ambulatory surgery centers, seven senior living communities, six diagnostic imaging services, several medical clinics, Flight for Life® Colorado, and home care and hospice services," [*id.* at ¶ 7];

CASCA is identified as a trade organization representing ambulatory surgery centers across the state of Colorado [*id.* at ¶ 8]; and Kaiser is identified as a "health insurance company doing business in Colorado." [*Id.* at ¶ 9]. In the original Complaint, Plaintiffs asserted ten counts against the Original Defendants: (1) a violation of § 1 of the Sherman Antitrust Act; (2) conspiracy to monopolize in violation of § 2 of Sherman Antitrust Act on behalf of Arapahoe, Cherry Creek, and Hampden against Health One and Centura; (3) attempted monopolization in violation of § 2 of Sherman Antitrust Act on behalf of Arapahoe, Cherry Creek, and Hampden against Health One and Centura; (4) conspiracy to monopolize in violation of § 2 of Sherman Antitrust Act on behalf of Kissing Camels against Centura; (5) attempted monopolization in violation of § 2 of Sherman Antitrust Act on behalf of Kissing Camels against Centura; (6) a violation of the Colorado Antitrust Act; (7) conspiracy to monopolize in violation of Colo. Rev. Stat. § 6-4-105 on behalf of Arapahoe, Cherry Creek, and Hampden against HealthOne and Centura; (8) attempted monopolization in violation of Colo. Rev. Stat. § 6-4-105 on behalf of Arapahoe, Cherry Creek, and Hampden against Health One and Centura; (9) conspiracy to monopolize in violation of Colo. Rev. Stat. § 6-4-105 on behalf of Kissing Camels against Centura; and (10) attempted monopolization in violation of Colo. Rev. Stat. § 6-4-105 on behalf of Kissing Camels against Centura. United was not initially named as a defendant in the litigation, though the Complaint did contain allegations regarding the purported pressure by Centura to persuade health care insurers not to include Plaintiffs within their networks. *See*, *e.g.*, [#1 at ¶ 53]. The original Defendants were afforded additional time to answer or otherwise respond to the Complaint, and the court set a Scheduling Conference for February 21, 2013.

[#17]. HealthOne, Kaiser, CASCA, and Centura each filed motions to dismiss, each of which were pending at the time of the Scheduling Conference. [#38, #39, #40, #45].

The Parties submitted a proposed Scheduling Order on February 14, 2013. [#53]. Plaintiffs then filed a "Memorandum in Support of Their Recommendations in the Proposed Scheduling Order," in which Plaintiffs advocated for the immediate commencement of discovery, in lieu of a delay pending the disposition of the motions to dismiss. [#57 a 2]. Plaintiffs also advocated that each side be permitted to take no more than 50 depositions, plus the depositions of any specially retained experts. [*Id.* at 2-3]. Similarly, Plaintiffs sought to serve no more than 50 requests for production. [*Id.* at 3]. Defendants sought to limit discovery to 25 interrogatories and 25 requests for production. The court entered the Scheduling Order in this case on February 21, 2013. [#60]. In the Scheduling Order, the court limited the number of depositions to 30, plus the depositions of specially retained experts; limited the number of interrogatories to 25; and permitted the service of no more than 50 requests for production and 50 requests for admissions. [*Id.* at 11-12]. Rocky Mountain Hospital and Medical Service, Inc., d/b/a Anthem Blue Cross and Blue Shield of Colorado ("Anthem"), United, and Aetna, Inc. ("Aetna") were not parties to the litigation, nor to the Scheduling Order, at that time. Nothing in the record before the court suggests that Anthem, United, or Aetna had any role in the action as of February, 2013.

Plaintiffs filed their First Amended Complaint on April 3, 2013. [#70]. In that First Amended Complaint, Plaintiffs added Anthem, United, Audubon Ambulatory Surgery Center, LLC ("Audubon") and Aetna as Defendants. [#70]. Plaintiff asserted that United engaged in a violation of § 1 of the Sherman Act and a violation of the Colorado Antitrust Act, by conspiring

with the other Defendants to have lower rates, having fewer surgeries performed at the Plaintiffs' facilities, and otherwise having business diverted away from Plaintiffs to others in the conspiracy. [#70 at ¶¶ 87-89, 114-116]. On June 28, 2013, United filed a Motion to Dismiss the two counts of the First Amended Complaint asserted against it. [#128]. Similarly, the other Defendants filed their own respective motions to dismiss the First Amended Complaint. *See e.g.*, [#88, #112, #113, #114]. On August 1, 2013, Plaintiffs moved for an extension of discovery based, *inter alia*, on the complexity of the case, the newly added Defendants, and the lack of production to date. [#133]. The court granted the unopposed motion, and extended discovery up to and including February 19, 2014; extended the deadline by which to file dispositive motions up to and including April 3, 2014; and set a Final Pretrial Conference to be held on June 10, 2014. [#135]. The Parties then collectively moved the court to extend the pretrial deadlines again on November 25, 2013. [#156]. As part of this collective motion, the Parties represented that "the parties believe they will not need to seek any additional extensions from the court." [*Id.* at 2]. The court granted the motion on November 26, 2013, and extended the deadlines such that discovery would close on June 30, 2014, dispositive motions would be due on August 1, 2014, and a Final Pretrial Conference was rescheduled for October 22, 2014. [#158].

However, on February 13, 2014, well before the June 30 discovery deadline, District Judge William J. Martinez granted the respective motions to dismiss filed by CASCA, Aetna, Anthem, Audubon, and United (collectively, "Previously Dismissed Parties"), leaving only claims 1, 4, 5, 6, 8, and 10 pending against Centura as the sole defendant. [#177]. Discovery involving the Previously Dismissed Parties ceased, as they were dismissed from the action. [*Id.*] Given its pending motion to dismiss, United had neither answered Plaintiffs' claims nor asserted

counterclaims against Plaintiffs. Nor did Centura, as the remaining sole defendant, assert counterclaims against SurgCenter. [#195]. And while Plaintiffs almost immediately filed a Motion for Leave to File a Second Amended Complaint to state claims against the Previously Dismissed Parties [#179, #181], the only Party to respond to the Motion for Leave was Centura [#190] as the Previously Dismissed Parties declined to do so. [#189].

On August 12, 2014, Magistrate Judge Boyd N. Boland granted Plaintiffs' Motion for Leave to File a Second Amended Complaint. [#212]. In doing so, Magistrate Judge Boland found that Centura's futility argument was better suited for a Rule 12 motion, once the operative pleading was in place. [*Id.* at 3]. Magistrate Judge Boland also found that Centura would not be unduly prejudiced, although "the natural operation of the judicial system may result in some inefficiencies based on allowing Plaintiffs to amend..." [*Id.* at 4]. The Previously Dismissed Defendants objected, and ultimately, Judge Martinez construed Magistrate Judge Boland's August 12 Order as a Recommendation. [#242]. In considering Magistrate Judge Boland's Recommendation to grant Plaintiffs leave to amend, Judge Martinez analyzed the prejudice articulated by the Previously Dismissed Defendants that they had not participated in the bulk of discovery, including 40 depositions and expert discovery, and concluded that the prejudice to the Previously Dismissed Defendants was insufficient to overcome the liberal policy of amendment found in Rule 15 of the Federal Rules of Civil Procedure. [*Id.* at 6].

On December 17, 2014, the Previously Dismissed Defendants filed motions to dismiss the Second Amended Complaint. *See* [#259, #260, #261, #264]. Discovery for Plaintiffs and Centura had already closed, and Centura's Motion for Summary Judgment was pending. [#291 at ¶¶ 4-5]. The Parties sought to vacate the Final Pretrial Conference set by Magistrate Judge

Boland's October 28 Order, stating "The October 28, 2014 Minute Order setting the pretrial conference and pretrial order dates was entered before the November 4, 2014 order allowing Plaintiffs to file an amended complaint against the Dismissed Defendants, and thus did not contemplate participation in this litigation by the Dismissed Defendants." [*Id.* at ¶ 6]. This court converted the Final Pretrial Conference into a Status Conference. [#293]. On June 16, 2015, Judge Martinez denied the Previously Dismissed Defendants' respective motions to dismiss. [#295]. This court then set a Status Conference for August 4, 2015. [#296].

The Previously Dismissed Defendants then moved for extensions to respond to the Second Amended Complaint, which the court granted. In a July 28 Status Report filed by Plaintiffs, they state that some of the Previously Dismissed Defendants had advised Plaintiffs that they may bring counterclaims against Plaintiffs and SurgCenter. [#307 at 6]. When United filed its Answer and Counterclaims it did, in fact, include counterclaims and SurgCenter. [#317]. It also filed this instant Motion to Join SurgCenter. [#316].

## ANALYSIS

### I. Motion to Join SurgCenter

While Plaintiffs contend that the Previously Dismissed Defendants' counterclaims against SurgCenter are untimely and would unduly prejudice them [#336 at 2], it is difficult to square Plaintiffs' arguments with the unique procedural history of this case. Plaintiffs indeed acknowledge in their Status Report that the pretrial deadlines did not contemplate participation in the litigation by Previously Dismissed Defendants. [#291 at ¶ 6]. In addition, Plaintiffs identify no mechanism by which it would have been appropriate for United to assert its counterclaims

7

against SurgCenter prior to the court's resolution of its Motion to Dismiss the Second Amended Complaint. [#336].

Rule 13 of the Federal Rules of Civil Procedure contemplates that adding an additional party may be required by a party asserting a counterclaim, and provides that joinder should be governed under Rules 19 and 20 of the Federal Rules. Fed. R. Civ. P. 13(h). Rule 20 provides for permissive joinder.[1] The Rule does not provide for a separate deadline for permissive joinder, and allows for permissive joinder if right to relief is asserted against the party to be joined and any question of law or fact is common to all defendants. Fed. R. Civ. P. 20(a)(2).

Plaintiffs do not dispute that SurgCenter meets the requirements to be joined under Rule 20. [#336]. Rather, they argue that they would be unduly prejudiced by joinder and that the proposed counterclaims against Plaintiffs and SurgCenter are futile. However, Plaintiffs articulate no concrete prejudice to them or SurgCenter, who is jointly represented. [*Id.*] This court finds no undue prejudice, as the Parties and this court all contemplated further discovery and adjustments based on the "natural consequence" of allowing amendment. Indeed, an outcome that precluded United from asserting counterclaims at its first opportunity would be inequitable. In addition, like the court's disposition of issues raised by the Previously Dismissed Defendants in opposition to Plaintiffs' attempt to file a Second Amended Complaint, I find that Plaintiffs' futility arguments with respect to United's counterclaims are more appropriately raised through their already-filed motion to dismiss the counterclaims rather than through this instant Motion to Join SurgCenter. [#212 at 3 (citing *General Steel Domestic Sales, LLC v.*

---

[1] Although United initially argued that SurgCenter was a party whose joinder was required under Rule 19, it abandoned such argument on Reply and proceeded only with its argument that permissive joinder should be granted. [#344 at 4].

*Steelwise, LLC*, No. 07–cv–01145–DME–KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008)]. In so concluding, this court expressly declines to pass on the viability of United's counterclaims.

## II.  Motion to Stay Discovery

Plaintiffs move to stay discovery, pending the court's disposition of their Motion to Dismiss Counterclaims. [#346, #347]. Courts in this District have repeatedly recognized that stays pending disposition of motions to dismiss are disfavored. This case has now been pending over four years. *See* [#1, filed November 12, 2012]. Judge Martinez has denied Centura's Motion for Summary Judgment. [#311]. It is unclear whether all of the counterclaims will be dismissed in response to Plaintiffs' Motion to Dismiss Counterclaims, and, even if the counterclaims are dismissed, the Previously Dismissed Defendants will likely seek some supplemental discovery based on their lack of prior participation. It is speculative as to what efficiency can be gained from staying discovery. Indeed, the amount of discovery disputes that have already arisen from this court's order to have Plaintiffs produce the prior discovery propounded in this action and in *Arapahoe Surgery Ctr. v. Cigna Healthcare*, Case No. 13-cv-03422-WJM-CBS for the Previously Dismissed Defendants' review, *see e.g.*, [#352, #366, #371], only reinforces this court's conclusion that additional time will not, as Plaintiffs suggest, allow the Parties to work more cooperatively, but will only provide more opportunity for discovery to languish and disputes to foment.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)     The Motion for Order Joining SurgCenter as Counterclaim Defendant filed by Defendant UnitedHealthcare of Colorado, Inc. on September 30, 2015 [#316] is **GRANTED**; and

(2)     Counterclaim Defendants' Motion to Stay Discovery [#347] is **DENIED**.

DATED:  December 22, 2015                    BY THE COURT:

 

                                         s/ Nina Y Wang
                                         United States Magistrate Judge