# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03012-WJM-NYW

KISSING CAMELS SURGERY CENTER, LLC,
CHERRY CREEK SURGERY CENTER, LLC,
ARAPAHOE SURGERY CENTER, LLC, and
HAMPDEN SURGERY CENTER, LLC,

    Plaintiffs/Counterclaim Defendants,

v.

CENTURA HEALTH CORPORATION,
COLORADO AMBULATORY SURGERY CENTER ASSOCIATION, INC.,
ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC., d/b/a ANTHEM BLUE
CROSS AND BLUE SHIELD OF COLORADO,
UNITED HEALTHCARE OF COLORADO, INC., and
AETNA, INC.,

    Defendants/Counterclaim Plaintiffs.

UNITED HEALTHCARE OF COLORADO, INC.,

    Counterclaim-Plaintiff,

v.

SURGCENTER DEVELOPMENT, INC.,

    Counterclaim-Defendant.

---

## ORDER

---

Magistrate Judge Nina Y. Wang

    This matter is before the court on Plaintiffs' Motion To Strike Defendants' First Set Of

Interrogatories And Second Requests For Production Of Documents ("Motion to Strike

Discovery") [#366].[1]  This motion is before the court pursuant to 28 U.S.C. § 636(b)(1), the Order of Reference dated November 19, 2012 [#4], the Reassignment dated February 9, 2015 [#289], and the memorandum dated December 11, 2015 [#369].

With respect to the Motion to Strike Discovery, **IT IS ORDERED** that the Motion [#366] is **GRANTED IN PART**, and **DENIED IN PART,** consistent with the rulings made on the record during the Status Conference.  Because of the time constraints of the Status Conference, the Parties and the court were unable to address Plaintiffs' objections to Defendants' Requests for Production.  Defendants take issue with Plaintiffs' objection that the Requests for Production were "duplicative of previous discovery requests pursuant to which Plaintiff [sic] produced documents in accordance with search terms agreed to by all parties," *see e.g.*, [#366-3 at 29], arguing that Plaintiffs bear the burden of justifying their objection to responding, and therefore, should identify by bates range, responsive documents that have been produced in order to satisfy their discovery obligations.  Plaintiffs contend that based on the search terms used, it is clear that documents responsive to the requests have been produced.  [*Id.*].  This court considers Defendants' Requests for Production, Plaintiffs' objections, and the Parties' respective obligations going forward in this Order.

## BACKGROUND

The background of this case, and the claims and counterclaims asserted by the various parties and the procedural history of discovery, have been discussed in detail in the court's prior orders, including the Order Joining SurgCenter as Counterclaim Defendant.  *See* [#375].  While motions to dismiss the counterclaims asserted by United Healthcare Inc. ("United") are currently

---

[1] As an initial matter, the court granted Plaintiffs' Motion for Leave to File a Reply [#380] on the record during the Status Conference on January 21, 2016, and directed the Clerk of the Court to accept the tendered Reply for filing [#380-1].

pending, *see* [#346, #379], this court must proceed with overseeing discovery related to those counterclaims until and unless the Honorable William J. Martinez dismisses them. However, as acknowledged by the Parties, the new amendments to the Federal Rules of Civil Procedure, effective December 1, 2015, refocus the court and the Parties on their respective obligations in discovery.

## ANALYSIS

Chief Justice John Roberts, in his Year-End Report on the Federal Judiciary, noted that the most recent amendments to the Federal Rules of Civil Procedure were intended to: (1) encourage greater cooperation among counsel; (2) focus discovery—the process of obtaining information within the control of the opposing party—on what is truly necessary to resolve the case; (3) engage judges in early and active case management; and (4) address serious new problems associated with vast amounts of electronically stored information. 2015 Year-End Report on the Federal Judiciary, http://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf. Each of these four areas is implicated in this second phase of discovery in the instant action. Indeed, in highlighting the amendments in his Year-End Report, Chief Justice Roberts notes that the amendment to Rule 1 underscores that lawyers and the court have an affirmative duty to work together to achieve prompt and efficient resolution of disputes. *Id.*

As Plaintiffs affirmatively recognize in their Motion to Strike Discovery, the Federal Rules require this court to address issues of proportionality of discovery, and in doing so, this court is guided by the plain language of Rule 26(b)(1). Rule 26(b)(1) requires the court to consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

Recognizing the unique procedural posture of this case, and the duration of its pendency, this court set a status conference within two days of the Honorable William J. Martinez denying the Motions to Dismiss the Second Amended Complaint, so as to discuss a plan for discovery with the Parties moving forward. *See* [#296]. This court then granted the Previously Dismissed Defendants' motion for additional time to respond to the operative Second Amended Complaint, and re-set the status conference from August to October, with express instruction that the Parties were to engage in discovery during the 60-day extension period. *See* [#309]. Nevertheless, since that time, the Parties have been mired in continuous disputes over the appropriateness of discovery served and the adequacy of responses provided, and another six months have passed in a case that was originally filed on November 15, 2012. This was certainly not what the court anticipated, and is not what the Federal Rules intended. Against this framework, this court now turns to the issue at hand.

## I.     Defendants' Requests for Production

As an initial matter, Plaintiffs object to Defendants' Requests for Production Nos. 4-10, 16-23 on various grounds, including overbreadth, burden, and relevance. In reviewing Defendants' propounded discovery requests, this court agrees that many of the Requests for Production are improper on their face as omnibus requests. For instance, Request No. 3 seeks:

> All documents relating to any meeting, discussion, or conversation (whether in person, by telephone, or via e-mail) between you and SurgCenter in which a payor, including United, Aetna, Anthem, or Cigna, is directly or indirectly mentioned or referenced.

[#366-1 at 17]. "You" "refers to each Plaintiff separately and collectively." [*Id.* at 7]. "SurgCenter" refers to "Surgical Center Development, Inc., including, without limitation, any

predecessors or successors, joint ventures, or any agents, representatives, servants, consultants, attorneys, physicians, investors, or any other person(s) acting or purporting to act with or on behalf of the foregoing." [*Id.*] At least with Request for Production No. 3,[2] there appears to be no attempt by Defendants to tailor the discovery request to issues arising from this case. So it does not come as a surprise to this court that documents responsive to this Request have been previously produced.

On the other hand, Plaintiffs' boilerplate objections are no better. Rule 34 of the Federal Rules of Civil Procedure, effective December 2, 2015,[3] requires objections to discovery requests to be made with "specificity" and "an objection must state whether any responsive materials are being withheld on the basis of the objection." Fed. R. Civ. P. 34(b)(2)(B)-(C). Boilerplate objections are improper. *See* Advisory Comm. Notes to Fed. R. Civ. P. 34(b)(2)(B) (eff. Dec. 1, 2015); *Cartel Asset Mgmt.*, 2010 WL 502721, at *10. The responding party has the obligation to explain and support its objections. *Witt v. GC Servs. Ltd. Partnership*, 307 F.R.D. 554, 561 (D. Colo. 2014). As far as this court can tell, Plaintiffs fail to provide any specificity to their objections, including their objection that they have already produced responsive documents. Rather, it appears that Plaintiffs' response simply points generally to the production of 1 terabyte

---

[2] Request Nos. 4, 5, 6, and 8 are similar in nature and scope, and are equally improper.

[3] Pursuant to 28 U.S.C. § 2074(a) and the Order of the Supreme Court dated April 29, 2015, the amendment shall govern all civil cases commenced after December 1, 2015 and "insofar as just and practicable, all proceedings then pending."
*See* http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf. Because this court concludes that these obligations were attendant on Parties before the amendments to the Rules, *see Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-CV-01644-REB-CBS, 2010 WL 502721, at *10 (D. Colo. Feb. 8, 2010), this court applies Rule 34, as effective December 1.

of information—conservatively, millions of pages[4]—without providing any type of guidance to Defendants as to where in the production such responsive documents are to be found.

Ordinarily, this court would conclude that Plaintiffs have no obligation to identify by bates range where particular documents have been produced in response to Rule 34 discovery requests. Federal Rule of Civil Procedure 34(b)(2)(E)(i) requires a party to produce documents as the materials are "kept in the usual course of business" or the party "must organize and label them to correspond to the categories in the request." If the request for production does not specify a form for the production, "a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii).

This District has considered whether Rules 34(b)(2)(E)(i) and (ii) equally apply to electronically stored information ("ESI"), or whether Rule 34(b)(2)(E)(ii) alone governs. *See National Jewish Health v. WebMD Health Serv. Group, Inc.*, 305 F.R.D. 247, 253-54 (D. Colo. 2014). In *National Jewish Health*, a court in this District ruled that Rule 34(b)(2)(E)(i) does not apply to ESI. *Id.* at 252-54 (adopting the recommendation of Special Master Ronald E. Hedges and concluding that a party must produce documents in accordance with 34(b)(2)(E)(i), and, if the request does not specify a form of production, must produce ESI in the form in which it is ordinarily maintained or in a reasonably usable form or forms) (*citing United States v. O'Keefe*, 537 F. Supp. 2d 14, 23 (D.D.C. 2008)).

This distinction between a party's obligations with respect to ESI and traditional, hard copy documents permeates the Rules. Rule 34(a)(1) and the Advisory Committee Note thereto acknowledge that ESI, and therefore, its treatment, is distinct from hard copy documents. *See*

---

[4] How Many Pages in a Gigabyte?https://www.lexisnexis.com/applieddiscovery/lawlibrary/whitePapers/ADI_FS_PagesInAGigabyte.pdf.

Report of Advisory Committee on Civil Rules to Committee on Rules of Practice and Procedure, July 25, 2005, found in House Document 109–105, at 157 158 (2006) (The Committee decided to recommend making "electronically stored information" separate from "documents.") The newly amended Rule 37(e) also distinguishes ESI from other discoverable information. Fed. R. Civ. P. 37(e). "The distinction was drawn primarily to recognize the difficulty in fitting different forms of ESI, like dynamic databases that constantly change, within the traditional concept of document." *National Jewish Health*, 305 F.R.D. at 253 (citing John K. Rabiej, *Rabiej on Production of ESI, Emerging Issues* 2628 (July 29, 2008)). But see *MGP Ingredients, Inc. v. Mars, Inc.*, No. 06-2318-JWL-DJW, 2007 WL 3010343, at *4 n.12 (N.D.N.Y. Oct. 15, 2007) (noting that Advisory Committee Notes to the 2006 amendments to Rule 34 make clear that subsection (i) applies equally to electronically stored information); *City of Colton v. Amer. Promotional Events, Inc.*, 277 F.R.D. 578, 584 (C.D. Cal. 2011) (noting the "broad consensus" among courts that Rule 34(b)(2)(E)(i)'s requirements regarding organization of discovery productions apply to both hard copy documents and electronically stored information).

In *Anderson Living Trust v. WPX Energy Production, LLC*, the District of New Mexico similarly relied on Professor Rabiej's exposition of the application of Rule 34 following the 2006 amendments in determining that the parties, by mutually agreeing to transmit discovery in ESI format, had chosen to have Rule 34(b)(2)(E)(ii) govern the production. 298 F.R.D. 514, 525 (D.N.M. 2014) (citing Rabiej, *supra* at *2) ("Subparagraph (E)(i) applies only to the production of hard-copy documents, while subparagraph (E)(ii) exclusively governs the production of ESI…"). "Searchability" is the reason practical differences between the two production procedures are warranted and indeed exist:

> The option to produce electronically stored information in a reasonably usable
> form is not precisely the same as the option to produce hard-copy documents

> organized and labeled to correspond to the request, but it is functionally analogous because producing electronically stored information in a word searchable format can enable a party to locate pertinent information, regardless of any index or labeling provided by the responding party.

*Anderson Living Trust*, 298 F.R.D. at 526 (quoting Rabiej, *supra* at *2). In framing its analysis, the court acknowledged that "[t]he vast majority of courts have treated (E)(i) and (E)(ii) as supplementary rather than alternative" and have "appl[ied] (E)(i)'s organized production requirement to ESI the same way they had before the 2006 amendments, and add[ed] the (E)(ii) form requirement on top of the requirements of (E)(i)." *Id.* at 524-26 (citing orders from the District of South Dakota, and Southern and Northern Districts of New York). It nonetheless held that in determining the form of production, requesting parties could avail themselves of the guarantees of (E)(i) or (E)(ii), "but not both." Id. at 527. "The drafters of 34(b)(2)(E) contemplated that parties requesting ESI would be able to organize it themselves—in their own way, to their own satisfactory level of thoroughness, and at their own expense—through the use of text-searching technologies like filtering, grouping, and ordering." *Id.* (citing Rabiej, *supra*, at *2–3). *See also* Fed.R.Civ.P. 34, Advisory Committee's Notes. "The nimbleness of current search functionality with ESI software is the very reason the Advisory Committee found it unnecessary to make (E)(i)'s organization guarantees applicable to ESI." *Anderson Living Trust*, 298 F.R.D. at 527.

There can be no dispute whether Plaintiffs produced their ESI in a usable form or forms, or whether the data as it currently exists is searchable. Indeed, Defendants informed the court that they populated their own electronic discovery platform with the data from Plaintiffs to their great expense (from both a financial and human resources perspective) to permit Defendants to search the production and use predictive coding and/or analytics to group categories of documents together. In addition, Plaintiffs' counsel has represented on the record during these

discovery conferences that they have produced the ESI as it is maintained in the ordinary course of business, and the court's order directing Plaintiffs to identify how particular custodians are correlated to the particular produced file folders attempts to further address that question. Nevertheless, the Rule clearly requires one or the other, but not both. And ordinarily, this court would simply conclude that Defendants would be obligated to review the production and sort documents into categories associated with particular Requests. But this is no ordinary case.

Based on the specific facts before me, including the volume of the document production to date, the asymmetry of information regarding the production between Plaintiffs (who are trial ready with respect to co-Defendant Centura Health Corporation and in a separate case with similar allegations against Cigna), the duration of time during which this case has been pending, and the fact that the Parties suggest that additional discovery must be conducted as to both the claims of the Second Amended Complaint and the counterclaims asserted by Defendants, this court concludes that Plaintiffs must provide additional information about where in the production Defendants may find certain information. This court will not, however, compel Plaintiffs to provide bates range numbers for responsive documents for every Request for Production; given the breadth of the discovery requests, such an Order would simply foment additional disputes. Rather, this court will permit Defendants to identify ten limited categories of documents already requested through the existing Requests for Production to which Plaintiffs objected based on being duplicative (*e.g.*, documents that reflect Plaintiffs' internal communications regarding network contracts with United, Anthem, Aetna) no later than **February 4, 2016**. Once identified, Plaintiffs must identify bates ranges of responsive documents to those ten categories, in writing, no later than **February 16, 2016**. This will ensure that Defendants prioritize their requests regarding location of responsive documents within the 1 terabyte of data, and will limit

Plaintiffs' obligation to sort through the production on Defendants' behalf and correlate every Request for Production to specific bates ranges. Any disputes as to ten categories of documents identified by Defendants should be raised to the court through the Joint Status Report, and will be resolved no later than the February 23 Conference.

As for future Requests for Production and any forthcoming production, the Parties are advised that this court will follow the principles as set out in this Order in considering whether the requests are a proper scope, whether the objections are appropriate under Rule 34, and whether Plaintiffs have complied with their production obligations related to ESI.

## CONCLUSION

For the reasons stated on the record and set forth herein, **IT IS ORDERED** that:

(1)  Plaintiffs' Motion To Strike Defendants' First Set Of Interrogatories And Second Requests For Production Of Documents [#366] is **GRANTED IN PART** and **DENIED IN PART**.

DATED:  January 22, 2016                                             BY THE COURT:

                                                                                              s/ Nina Y. Wang
                                                                                              United States Magistrate Judge