**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-03012-WJM-NYW

KISSING CAMELS SURGERY CENTER, LLC,
CHERRY CREEK SURGERY CENTER, LLC,
ARAPAHOE SURGERY CENTER, LLC, and
HAMPDEN SURGERY CENTER, LLC,

    Plaintiffs,

v.

CENTURA HEALTH CORPORATION,
COLORADO AMBULATORY SURGERY CENTER ASSOCIATION, INC.,
ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD OF COLORADO,
UNITED HEALTHCARE OF COLORADO, INC., and
AETNA, INC.,

    Defendants.

---

**ORDER**

---

Magistrate Judge Nina Y. Wang

    This matter comes before the court on the "Joint Motion for Leave to File Redacted Versions of Plaintiffs' and Counterclaim Defendants' Motion for Summary Judgment (Restricted Dkt. 476 through 476-20), Defendant and Counterclaim Plaintiff Aetna, Inc.'s Motion for Summary Judgment (Restricted Dkt. 478 through 478-91), and Defendants' Motion to Exclude the Purported Expert Testimony of Dr. Stephen F. Foreman Regarding the Plaintiffs' Alleged Damages (Restricted Dkt. 477 through 477-9)" ("Joint Motion to File Redacted Versions"). The Joint Motion to File Redacted Versions was referred to this Magistrate Judge pursuant to the Order of Reference dated November 19, 2012 [#4], the Order of Reassignment dated February 9,

2015 [#289], and the memorandum dated November 16, 2016 [#489]. The Joint Motion to File Redacted Versions attaches redacted copies of three filings: (1) Plaintiffs' Motion for Summary Judgment [#487-1]; (2) Aetna's Motion for Summary Judgment [#487-2]; and (3) Defendants' Motion to Exclude the Purported Expert Testimony of Dr. Stephen F. Foreman Relating to Plaintiffs' Alleged Damages [#487-3]. Although not obvious from the title of the Motion or the limited number of exhibits attached thereto, the Motion in fact seeks to restrict all of the exhibits filed in support of the three motions, as well as the unredacted counterparts. *See* [#476 through #476-20; #478 through #478-91, and #477 through #477-9]. The Parties do not, however, expend any effort to address the factors as set forth in D.C.COLO.LCivR 7.2(e), or the applicable case law. Accordingly, this court **GRANTS IN PART and DENIES IN PART** the Joint Motion to File Redacted Versions, with leave to refile so as to satisfy the applicable Rule and law no later than December 14, 2016.

## BACKGROUND

The procedural and factual background has been discussed in detail by both the undersigned Magistrate Judge and the presiding judge, the Honorable William J. Martinez, in various Orders, and therefore, this section is used only to identify the remaining Parties to this action and their relationship to the instant Motion. Plaintiffs-Counterclaim Defendants are Kissing Camels Surgery Center LLC, Cherry Creek Surgery Center, LLC, Arapahoe Surgery Center, LLC, and Hampden Surgery Center, LLC. For the sake of simplicity, the Plaintiffs-Counterclaim Defendants will simply be referred to as "Plaintiffs." The remaining Defendants are Centura Health Corporation ("Centura"), Colorado Ambulatory Surgery Center Association

("CASCA"), and Aetna, Inc. ("Aetna") (collectively, "Defendants").[1] Plaintiffs and Aetna filed the Joint Motion to File Redacted Versions, and represent that Centura and CASCA do not oppose the relief requested. *See* [#487 at 2].

## LEGAL STANDARD

The Parties in this action have previously sought restriction from public access for certain filings and should therefore be well acquainted with the applicable standard. There is a common-law right of access to judicial records, premised on the recognition that public monitoring of the courts fosters important values such as respect for our judicial system. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras,* 939 F. Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are to be available to the public, but such availability may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir. 1997).

These principles are reflected in D.C.COLO.LCivR 7.2(a). Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate.

---

[1] Along with its Answer, Aetna asserted counterclaims against Plaintiffs. *See* [#320]. Centura and CASCA filed Answers only.

D.C.COLO.LCivR 7.2(c)(1)–(4). Only in the rarest of circumstances is restricting the public's access to court documents appropriate. *See Rocky Mountain Mortg. Specialists, Inc. v. First Am. Real Estate Information Servs., Inc.*, Civil Action No. 07–cv–00815–MSK–MEH, 2008 WL 4293316 (D. Colo. Sept. 16, 2008).

The Tenth Circuit has specifically advised that "parties should not routinely or reflexively seek to seal materials upon which they predicate their arguments for relief, particularly dispositive relief such as summary judgment." *See Lucero v. Sandia Corp.*, 495 F. App'x 903, 913 (10th Cir. 2012). As to the rationale, the public should ordinarily be permitted to examine the bases upon which a court rules. Indeed, courts in this Circuit have consistently rejected the designation of information or documents under a blanket protective order as sufficient in and of itself to restrict information from public access. *See id.* *See also SolidFX, LLC v. Jeppesen Sanderson, Inc.*, Civil Action No. 11-cv-01468-WJM-BNB, 2012 WL 2917116, at *6 (D. Colo. July 16, 2012) (holding that "the mere fact that a party has designated a document as confidential is insufficient to justify restricted access"); *Avantgarde Surgical, Inc. v. Rocky Mountain Hosp. and Medical Serv., Inc.*, Civil Action No. 08-cv-02103-MSK-CBS, 2008 WL 5335777, at *3 (D. Colo. Dec. 18, 2008). With these principles in mind, the court now turns to the documents that Plaintiffs and Aetna seek to restrict.

## ANALYSIS

### I.   Comparison of Proposed Redacted Motions and Papers With Unredacted Versions

The court first addresses the only issue that Plaintiffs and Aetna brief, i.e., whether the unredacted versions of Plaintiffs' Motion for Summary Judgment on Aetna's Counterclaims, Aetna's Motion for Summary Judgment, and Defendants' Motion to Exclude testimony from Dr.

4

Stephen F. Foreman should remain under restriction in favor of the proffered redacted versions. *See* [#487-1, #487-2, #487-3]. This court has compared the proffered redacted versions of the papers related to Plaintiffs' Motion for Summary Judgment on Aetna's Counterclaims, and determined that the redactions pertain to sensitive business information that is not ordinarily disclosed to the public or competitors in the marketplace. Accordingly, this court directs the Clerk of the Court to docket [#487-1].

In comparing the proffered redacted version of Aetna's Motion for Summary Judgment with the unredacted version, this court finds that certain redactions do not appear proper. For instance, it is unclear to this court why Aetna's allegations regarding Plaintiffs' alleged actions, *see* [#487-2 at 3],[2] are redacted at all, except perhaps for the statement by a Plaintiff to an investor. And, while this court finds that redactions related to Aetna's specific health care plan information or policies and Plaintiffs' specific financial status as privately held corporations are proper, redactions of general statements about an entity's financial health, as reflected in [#487-2 at 13, ¶ 47; #478 at 13, ¶ 47], do not appear appropriate. Similarly, this court questions why the general description of Aetna's practice of sending letters to physicians around the country—with no mention of a confidentiality requirement—should be restricted. *See* [#487-2 at 17, ¶ 66; #478 at 17, ¶ 66]. Also evading this court is the basis for restricting an expert's specific testimony regarding the sufficiency of a particular analysis, especially in light of the unredacted statement that immediately precedes it. *See* [#487-2 at 37]. This court will unrestrict these statements, and

---

[2] In referring to the proffered redacted papers, the court refers to the page number that is legible at the bottom of the page in both the redacted and unredacted versions, instead of the page number assigned by the court's Electronic Court Filing ("ECF") system, because the manner in which the redacted papers were filed rendered the ECF page numbers undiscernible.

direct Aetna to submit a conforming redacted version of its Motion for Summary Judgment no later than December 14, 2016.

The redactions to Defendants' Motion to Exclude Dr. Foreman suffer from similar issues. For instance, the moving Parties seek to redact a general statement characterizing Dr. Foreman's deposition testimony despite the fact that Judge Martinez has made characterizations of the same level of generality in published opinions. *Compare* [#487-3 at 5; #477 at 5] *with Kissing Camels Surgery Ctr, LLC v. Centura Health Corp.*, No. 12-cv-3012-WJM-NYW, 2015 WL 5081608, *7 (D. Colo. Aug. 28, 2015). In addition, this court also finds no basis to redact Dr. Foreman's actual deposition testimony about his damages model. While the data input into the model might be proprietary to Plaintiffs, testimony about the methodology used by Dr. Foreman is not. *See* [#487-3 at 8, #477 at 8]. In the standard Proposed Scheduling Order for this District, litigants are advised that "[i]n addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report." http://www.cod.uscourts.gov/CourtOperations/RulesProcedures/Forms.aspx. Nothing in the standard Proposed Scheduling Order, the District's Local Rules, or the Federal Rules of Civil Procedure suggests that the court may properly restrict the principles and methods upon which the expert relied to reach his ultimate opinion, or the description of how the expert applied those principles and methods. Indeed, this information lies at the very heart of the Motion to Exclude. This court is not persuaded that these redactions are proper, and Defendants are directed to file a conforming redacted Motion to Exclude no later than December 14, 2016.

## II. Exhibits to Motions

In the Joint Motion to Restrict, Plaintiffs and Aetna state in conclusory fashion:

> [t]he Parties have conferred on how best to protect this information while also respecting the public's right of access to court documents, and submit that filing redacted versions of the ASCs' and Aetna's MSJs and of the Defendants' motion to exclude that would be available to the public, while maintaining a Level 1 restriction as to the original MSJs, the motion to exclude, and all of their exhibits, appropriately strikes this balance.

[#487 at 3]. Respectfully, neither Local Rule 7.2 nor the applicable case law contemplates that such a generalized statement should justify restriction.

It is clear that the Parties have restricted exhibits that have no basis being sealed. For example, the proposed Orders associated with the motions are restricted. *See* [#476-1, #477-10]. The affidavits of the attorney attesting to the "true and accurate copies" of the exhibits are restricted. *See* [#477-2; #478-4]. Public filings are restricted. *See* [#478-5]. A document from a public company to its shareholders that is available on the internet is restricted. [#478-6]. With all due respect to counsel of record and the obligations and pressures they face in litigating such a complex case, this court struggles to understand the blatant disregard for the Local Rules and the applicable case law that is evinced in the Joint Motion to File Redacted Versions. The Motion is simply not the "appropriate balance" that Plaintiffs and Aetna suggest.

Some of the exhibits may be properly restricted on the basis that they contain personal health information or proprietary business information. But it is not the responsibility, nor the role, of the court to parse through the exhibits and discern arguments that the Parties have not made. The case law and the Local Rules do not permit the undersigned Magistrate Judge to restrict documents based solely on either Parties' agreement or generalities. Accordingly, to the extent the Parties wish to maintain the restriction for any exhibit to the three motions at issue,

7

i.e., [#476-1 through #476-20; #478-1 through #478-91; and #477-1 through #477-9], they must file an appropriate Motion to Restrict no later than December 14, 2016. In so moving, the Parties may group similar documents that are subject to the same arguments. To the extent the Parties elect not to file a Motion to Restrict the documents discussed herein, this court will direct the Clerk of the Court to unrestrict all of the exhibits based on the Parties' failure to carry their burden or justifying restriction of the public record.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)     The Joint Motion to File Redacted Versions [#487] is **GRANTED IN PART and DENIED IN PART**;

(2)     The Clerk of the Court is **DIRECTED TO DOCKET** [#487-1] as Counterclaim Defendants' Motion For Summary Judgment On Aetna, Inc.'s Counterclaims (Redacted Version of ECF No. 476];

(3)     Defendant Aetna Inc. is **DIRECTED to FILE** a redacted version of its Motion for Summary Judgment and Memorandum in Support [ECF No. 478], consistent with the direction in this Order, no later than **December 14, 2016**;

(4)     Defendants are **DIRECTED to FILE** a redacted version of their Motion to Exclude The Purported Expert Testimony of Dr. Stephen F. Foreman Relating to Plaintiffs' Alleged Damages [ECF No. 477], consistent with the direction in this Order, no later than **December 14, 2016**;

(5)     To the extent the Parties seek to restrict any exhibit to any of the above-referenced three motions, they will file a Motion to Restrict that complies with D.C.COLO.LCivR 7.2 and

addresses the applicable case law no later than **December 14, 2016. Failure to do so will result in this court directing the Clerk of the Court to unrestrict all of the exhibits**;

(6) No extensions to the deadlines set forth herein will be granted absent extraordinary circumstances;

(7) **Any future failure by the Parties to comply with D.C.COLO.LCivR 7.2 or address the applicable case law may lead to the denial of a motion to restrict without substantive consideration**; and

(8) Nothing in this Order may or should be construed as binding Judge Martinez to restrict or redact a ruling on pending motions or at trial.

DATED: December 7, 2016

BY THE COURT:

s/ Nina Y. Wang
United States Magistrate Judge