**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-03012-WJM-NYW

**KISSING CAMELS SURGERY CENTER, LLC, et al.,**

    **Plaintiffs,**

                **v.**

**CENTURA HEALTH CORPORATION, et al.,**

    **Defendants.**

---

**PLAINTIFFS' UNOPPOSED MOTION TO RESTRICT REGARDING DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE TESTIMONY OF DR. STEPHEN F. FOREMAN RELATED TO PLAINTIFFS' ALLEGED DAMAGES (DKT. 514) AND CASCA'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (DKT. 516)**

---

Plaintiffs Kissing Camels Surgery Center LLC, ("Kissing Camels"), Arapahoe Surgery Center LLC, ("Arapahoe"), Hampden Surgery Center LLC ("Hampden"), and Cherry Creek Surgery Center LLC ("Cherry Creek")(collectively, "the ASCs"), hereby submit this Motion to Restrict Regarding Defendants' Reply In Support of their Motion to Exclude the Purported Testimony of Dr. Foreman Relating to Plaintiffs' Alleged Damages (Restricted Dkt. 514 and 514-1 through 514-2) and Defendant CASCA's Reply in Support of its Motion for Summary Judgment (Restricted Dkt. 516, and 516-1 through 516-4).

## I.      BACKGROUND

On December 16, 2016, CASCA filed the above referenced motions under restricted Level One access.  The ASCs bring the instant Motion under Rule 7.2 and in

accordance with this Court's Order regarding motions to restrict in this case (Doc. 505) addressing the reasons restriction should be maintained for certain documents in part (i.e., as redacted in the corresponding exhibit hereto).   The ASCs are not seeking redaction of any document in its entirety.

## II.   LEGAL STANDARD

Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996).   But documents (or portions thereof) may be sealed within the docket when the public's right of access is outweighed by interests favoring non-disclosure. *See United States v. McVeigh*, 119 F.3d 806, 811-12 (10th Cir. 1997) (upholding sealing orders). And "[i]t is within the district court's discretion to determine whether a particular court document should be sealed." *Doe v. Boulder Valley School District No. RE-2*, 2011 WL 3820781, at *1 (D. Colo. Aug. 30, 2011) (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978)).

Under this Court's Local Rules of Practice, a party requesting restriction must:

(1) identify the document or the proceeding for which restriction is sought;

(2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

(3) identify a clearly defined and serious injury that would result if access is not restricted;

(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

(5) identify the level of restriction sought.

D.C.COLO.LCivR 7.2(c).

### III.    EXHIBITS FOR WHICH THE ASCS SEEK RESTRICTION

**A.    Regarding D.C.Colo.LCivR 7.2(c)(1)**

The ASCs seek leave to file a redacted version of Defendants' Reply in Support of Motion to Exclude the Purported Testimony of Dr. Foreman Relating to Plaintiffs' Alleged Damages (Dkt. 514), and to therefore maintain Level 1 restriction for the un-redacted versions thereof). The proposed redacted version of this document is attached hereto as Exhibit 1.

Movants seek leave to file a redacted version of Ex. 1 to Ex. A of CASCA's Reply in Support of its Motion for Summary Judgment (Dkt. 514-2). The proposed redacted version of this document is attached hereto as Exhibit 2.

The ASCs seek leave to file a redacted version of Defendant CASCA's Reply in Support of its Motion for Summary Judgment (Dkt. 516), (and to therefore maintain Level 1 restriction for the un-redacted versions thereof). The proposed redacted version of this document is attached hereto as Exhibit 3.

Movants seek leave to file a redacted version of Exhibit A to CASCA's Reply in Support of its Motion for Summary Judgment (Dkt. 516-2) (and to therefore maintain Level 1 restriction for the un-redacted versions thereof). The proposed redacted version of this document is attached hereto as Exhibit 4.

**B.      Regarding D.C.Colo.LCivR 7.2(c)(2) and (3)**

All of the redactions relate to sensitive business information and the financials of the ASCs, which are privately held corporations.   Therefore, in accordance with this Court's previous Order, allowing grouping of documents the redactions of which call for similar arguments (Dkt. 505 at 8), all four of the documents for which the ASCs seek redactions are discussed together.

Defendants' Reply in Support of Motion to Exclude the Purported Testimony of Dr. Foreman Relating to Plaintiffs' Alleged Damages (Dkt. 514) has been redacted solely to exclude the number of cases per month at the ASCs used by Dr. Foreman in his analysis. (Ex. 1).

Exhibit 2, Dkt. 514-2, is Dr. Foreman's Rebuttal Report.   It has been redacted to remove the physician investors' rates of return on their investments, charts containing the revenues and expenses of the ASCs, and the ASCs' variable costs.

Defendant CASCA's Reply in Support of its Motion for Summary Judgment (Dkt. 516) has been redacted solely to exclude references to the ASCs' profits and to the rates of returns of the ASCs' physician investors. (Ex. 3).

Exhibit 4, Dkt. 516-2, is an excerpt from the deposition testimony of Dr. Stephen F. Foreman. It has been redacted to exclude the number of cases performed by the ASCs and the growth pattern at Kissing Camels.

All of the information redacted from these four documents relates to the financial status of the ASCs as privately held corporations, which the Court has recognized are appropriately redacted. Dkt. 505 at 5. Further, this financial information is competitively

sensitive and could cause competitive harm because allowing competing surgery centers to have access to the ASCs' revenues, expenses, variable costs, and cases per month, and to the ASCs' physician investors' rates of return would give them an unfair insight into the ASCs' operations and could give these competitors a competitive advantage.

## C.   Regarding D.C.Colo.LCivR 7.2(c)(4)

Courts recognize the importance of commercial confidentiality concerns such as those discussed above.  "Access properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing."  *SBM Site Servs., LLC v. Garrett*, No. 10-CV-00385-WJM-BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011); *see also Nixon*, 435 U.S. at 598 ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing").   Balanced against the ASCs' confidentiality interests is the public's "fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly." *Huddleson*, 270 F.R.D. at 635.

For all documents for which the ASCs are seeking restriction, they have utilized redaction as an alternative to complete restriction.   In addition, the ASCs have endeavored to balance their above-discussed confidentiality interests with the public's right of access to court documents.   Accordingly, the ASCs have, wherever possible redacted specific numbers but maintained the surrounding text and discussion. Because the all of the dollar figures on the charts redacted from Dr. Foreman's Rebuttal

Report are highly sensitive business information, the ASCs redacted the charts in their entirety, but did not redact the analysis of the charts.  The ASCs respectfully submit that the un-redacted and un-restricted content associated with Dkts. 514 and 516 and the exhibits thereto will amply allow the public to understand the disputes at hand and any ruling of the Court thereupon.

## IV.   REQUESTED RELIEF

Accordingly, the ASCs respectfully request that the Court grant this Motion and issue an order:

(1) directing the Clerk of the Court to docket Exhibits 1 through 4 as the publicly available versions of Dkts. 514, 514-2, 516, and 516-2; and

(2) releasing Level 1 restriction to the un-redacted documents for Dkts. 514-1, 516-1, 516-3 and 516-4

## CERTIFICATE OF CONFERENCE

Pursuant to D.C.Colo.LCivR 7.1(a), on December 29, 2016 counsel for Plaintiffs conferred with Defendants regarding this Motion and Defendants do not object to this Motion.

Dated:  December 30, 2016.                    Respectfully submitted,

*/s/ W. Tucker Brown*
W. Tucker Brown
WHATLEY KALLAS, LLP
2001 Park Place Tower, Suite 1000
Birmingham, AL  35203
Tel.: (205) 488-1200
Fax: (800) 922-4851
Email: tbrown@whatleykallas.com

Joe R. Whatley, Jr.
Colorado State Bar No. 38820
WHATLEY KALLAS, LLP
720 East Durant Street
Suite E6
Aspen, CO  81611
Tel: (970) 300-4848
Fax: (970)429-8280
Email: jwhatley@whatleykallas.com

Edith M. Kallas
WHATLEY KALLAS, LLP
1180 Avenue of the Americas, 20th Floor
New York, NY  10036
Tel.: (212) 447-7060
Fax: (800)922-4851
Email: ekallas@whatleykallas.com

Deborah J. Winegard
WHATLEY KALLAS, LLP
1068 Virginia Avenue, NE
Atlanta, GA  30306
Tel.: (404) 607-8222
Fax: (404) 607-8451
Email: dwinegard@whatleykallas.com


Henry C. Quillen
WHATLEY KALLAS, LLP
159 Middle Street
Suite 2C
Portsmouth, NH  03801
Tel.: (603) 294-1591
Fax: (800) 922-4851
Email: hquillen@whatleykallas.com

***Counsel for Plaintiffs***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 30th day of December, 2016, a true and correct

copy of the foregoing document was electronically filed with the Clerk of Court using the

CM/ECF system which will send notification of such filing to all counsel of record.


*/s/ W. Tucker Brown*
W. Tucker Brown