**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-03012-WJM-NYW

KISSING CAMELS SURGERY CENTER, LLC,
CHERRY CREEK SURGERY CENTER, LLC,
ARAPAHOE SURGERY CENTER, LLC, and
HAMPDEN SURGERY CENTER, LLC,

      Plaintiffs,

v.

CENTURA HEALTH CORPORATION,
COLORADO AMBULATORY SURGERY CENTER ASSOCIATION, INC.,
ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC., d/b/a ANTHEM BLUE
CROSS AND BLUE SHIELD OF COLORADO,
UNITED HEALTHCARE OF COLORADO, INC., and
AETNA, INC.,

      Defendants.

---

**ORDER**

---

Magistrate Judge Nina Y. Wang

      This matter comes before the court on the following motions:

      (1)      "Joint Motion to Restrict Regrading Plaintiffs' and Counterclaim Defendants' Motion for Summary Judgment (Restricted Dkt. 476 through 476-20), Defendant and Counterclaim Plaintiff Aetna, Inc.'s Motion for Summary Judgment (Restricted Dkt. 478 through 478-92), and Defendants' Motion to Exclude the Purported Expert Testimony of Dr. Stephen F. Foreman Regarding the Plaintiffs' Alleged Damages (Restricted Dkt. 477 through 477-10)" ("Renewed Motion to Restrict") [#509, filed December 14, 2016]; and

(2)    "Joint Motion to Restrict Regarding Defendant Aetna, Inc.'s Brief in Opposition to Counterclaim Defendants' Motion For Summary Judgment On Aetna, Inc.'s Counterclaims (Restricted Dkt. 494 through 494-91), Plaintiffs' Omnibus Response in Opposition to Defendants' Motions for Summary Judgment (Restricted Dkt. 495, 498 Through 501-26), and Plaintiffs' Response in Opposition to Defendants' Motion to Exclude the Purported Expert Testimony of Dr. Stephen F. Foreman Related to Plaintiffs' Alleged Damages (Restricted Dkt. 496 Through 497-8)" ("Additional Motion to Restrict") [#517, filed December 16, 2016].

These Motions to Restrict were referred to this Magistrate Judge pursuant to the Order of Reference dated November 19, 2012 [#4], the Order of Reassignment dated February 9, 2015 [#289], and the memoranda dated December 15, 2016 [#511] and December 19, 2016 [#519].

## BACKGROUND

Originally, the Parties sought to restrict (1) Plaintiffs' Motion for Summary Judgment [#476], (2) Aetna's Motion for Summary Judgment [#478], and (3) Defendants' Motion to Exclude the Purported Expert Testimony of Dr. Stephen F. Foreman Relating to Plaintiffs' Alleged Damages [#477], and attached proposed redacted copies at [#487-1, #487-2, and #487-3]. By order dated December 7, 2016, this Magistrate Judge found that the Parties' proposed redactions of certain information was not consistent with the applicable law governing restriction of information in the public record and that the Parties had failed to comply with D.C.COLO.LCivR 7.2. *See* [#505]. Accordingly, this court denied wholesale restriction of the exhibits, ordered the Parties to tender amended redacted documents, and directed the Parties to file compliant motions to restrict no later than December 14, 2016. [*Id.* at 8-9]. The Parties' Renewed Motion to Restrict is responsive to the court's December 7 Order.

2

The Additional Motion to Restrict is directed at three related briefs and the exhibits offered in support thereof:  (1) Aetna's Opposition to Plaintiffs' Motion for Summary Judgment [#494 through #494-91]; (2) Plaintiffs' Omnibus Opposition to Defendants' Motions for Summary Judgment [#495, #498 through #501-26]; and (3) Plaintiffs' Response in Opposition of the Motion to Exclude [#496 through #497-8].

## ANALYSIS

The Parties are well acquainted with the standards courts employ in determining whether to restrict information on the public record, and for the sake of brevity this court will not repeat them here.  *See, e.g.*, [#505].

## I.    Renewed Motion to Restrict

### A.    Amended Redacted Documents

In the Renewed Motion to Restrict, the Parties tender documents that contain redactions that are consistent with the court's order:

- Defendants' Motion to Exclude the Purported Expert Testimony of Dr. Stephen F. Foreman Relating to Plaintiffs' Alleged Damages (Supplemental Redacted Version of 477) [#509-1]; and

- Defendant Aetna, Inc.'s Motion for Summary Judgment and Memorandum in Support (Supplemental Redacted Version of 478) [#509-2].

Accordingly, this court will direct the Clerk of the Court to rename the docket entry of these two motions so that the reader may readily identify each on the docket.

### B.    Exhibits

The Parties also seek wholesale restriction of a number of exhibits to Plaintiffs' Motion for Summary Judgment [#476], Aetna's Motion for Summary Judgment [#478], and Defendants' Motion to Exclude [#477] and provide redacted copies for other documents.  As an initial matter,

3

the Parties have filed the proposed redacted documents in such a way as to prevent this court from correlating those documents with their counterparts filed under restriction without an excessive expenditure of time and effort. For instance, it is unclear whether [#509-31] correlates with [#477-7] or [#478-23]. *See* [#509 at 5]. And some of the exhibits include multiple slipsheets. *See* [#509-37]. This court will not reallocate from the Parties to the Clerk of the Court the administrative burden associated with identifying exhibits. Accordingly, the Parties are hereby ORDERED to submit a Notice in which they correlate the redacted versions of exhibits with the unredacted versions, referencing numbers used by the court's Electronic Court Filing ("ECF") system.[1]

Setting aside this confusion, I have reviewed the different categories of documents to the best of my ability and find that restriction of all but one category of documents is appropriate. The Parties contend:

> Exhibits 478-57, 478-59, 478-61, and 478-62 are letters sent by Aetna to in-network providers regarding the confidential contracts between Aetna and those providers. These exhibits comprise sensitive and confidential information regarding Aetna's interpretation of those confidential contractual terms and Aetna's approach to enforcing those terms pursuant to its internal policies.

[#509 at 7]. Respectfully, this court disagrees that this correspondence is either confidential or appropriate for restriction.

---

[1] For example:

| Document | Restricted Exhibit | Redacted Exhibit |
|---|---|---|
| Exhibit A to Counterclaim Defendants' Motion for Summary Judgment on Aetna's Counterclaims | #476-2 | #509-3 |

In reviewing the correspondence, this court notes that each of the letters is substantially similar. *See* [#478-57; #478-59; #478-61; and #478-62]. Significantly, there is no indication that either Aetna or the recipient of the correspondence expected that the letters were, or would be kept, confidential. For instance, the letters are not marked confidential, Aetna does not remind the provider that the provisions of their contracts are confidential, and Aetna does not warn the provider of any consequence that may result from public disclosure of the letter or its contents. Additionally, the letters do not reference specific provisions of the Aetna agreement or include any information regarding the specific provider. The Parties assert that disclosure of the letters in the public record would potentially harm Aetna's position in negotiating future network contracts with providers and/or compromise the efficacy of Aetna's outreach attempts in the future; however these assertions are unsupported and not persuasive. *See SOLIDFX, LLC v. Jeppesen Sanderson, Inc.,* No. 11-CV-01468-WJM-BNB, 2012 WL 2917116, at *10 (D. Colo. July 16, 2012) (declining to restrict an email between the Parties that related directly to the central issues in the case, and which fell "squarely within the kind of information the public has a fundamental interest in accessing in order to assure the fair operation of its courts."). Indeed, it appears that similar letters, though not attributed to Aetna, are and have been part of public discussions of how insurers and ambulatory surgery centers interact within the health care industry. *See* McDermott Will & Emery, *ASC and Payor Negotiations*, 2012 ASC Symposium, at 16, http://files.mwe.com/info/ASC/2012materials/Operations-Administrative/ASC-Payor.pdf. This court similarly declines to restrict from the public record letters that it finds concern the central issues of this case.

I also note that certain proposed redactions eliminate any meaningful information from the document. For instance, the redactions to [#509-31] leave only the exhibit sticker as legible. In the future, should the Parties seek to redact all substantive information from a document, they should forego filing a redacted copy of the document and move simply to maintain the unredacted version under restriction.

In conclusion, due to the volume of the documents the Parties seek to restrict and the number of proposed redactions, I find that the most efficient course of action is to direct the Clerk of the Court to UNRESTRICT the following documents:

- [#476-1]; [#476-12]; [#476-16]; [#476-17]; [#476-18]

- [#477-1]; [#477-2]; [#477-10]

- [#478-4]; [#478-5]; [#478-6]; [#478-9]; [#478-10]; [#478-12]; [#478-18]; [#478-21]; [#478-37]; [#478-41]; [#476-45]; [#478-48]; [#478-49]; [#478-51]; [#478-53]; [#478-54]; [#478-55]; [#478-57]; [#478-59]; [#478-61]; [#478-62]; [#478-63]; [#478-64]; [#478-66]; [#478-72]; [#478-90]; [#478-91]; [#478-92].

## II. Additional Motion to Restrict

### A. Redacted Briefs

In their Additional Motion to Restrict, the Parties offer redacted versions of the following briefs: (1) Aetna's Brief in Opposition to Counterclaim Defendants' Motion for Summary Judgment on Aetna's Counterclaims [#494; #517-1]; (2) Plaintiffs' Omnibus Response in Opposition to Defendants' Motions for Summary Judgment [#495; #517-66]; and (3) Plaintiffs' Response in Opposition to Defendants' Motion to Exclude the Purported Expert Testimony of Dr. Stephen F. Foreman Related to Plaintiffs' Alleged Damages [#496; #517-67].

With respect to Aetna's Brief in Opposition to Counterclaim Defendants' Motion for Summary Judgment on Aetna's Counterclaims and Plaintiffs' Response in Opposition to Defendants' Motion to Exclude, this court finds that the Parties have a reasonable basis to redact the information at issue.   With respect to Plaintiffs' Omnibus Response in Opposition to Defendants' Motions for Summary Judgment, this court finds, for the reasons sets forth above, that it is not appropriate to redact the statement in paragraph 92 that refers to Aetna's letters to third party medical providers.[2]   In heeding the admonition of Federal Rule of Civil Procedure 1 that courts and parties alike conduct litigation in a just, speedy, and inexpensive fashion, this court will not require the Parties to submit an amended brief; rather, I will instruct the Clerk of the Court to unrestrict the supporting letters, consistent with the reasoning set forth above.

Therefore, the Clerk of the Court is directed to separately docket the Parties' briefs as follows:

- Aetna's Brief in Opposition to Counterclaim Defendants' Motion for Summary Judgment on Aetna's Counterclaims (Redacted Version of 494) [#517-1];

- (2) Plaintiffs' Omnibus Response in Opposition to Defendants' Motions for Summary Judgment (Redacted Version of 495) [#517-66]; and

- (3) Plaintiffs' Response in Opposition to Defendants' Motion to Exclude (Redacted Version of 496) [#517-67].

---

[2] While paragraph 92 refers to Exhibits 17-19 to the Affidavit of Tucker Brown, this court could not find Exhibit 17 in the associated exhibits.   Docket entry [#498] ends with Exhibit 16, *see* [#498-16], and docket entry [#499] begins with Exhibit 18, *see* [#499].

B.      **Exhibits**

In examining the redacted exhibits tendered by the Parties, this court encounters some of the same challenges identified in the section discussing the Renewed Motion to Restrict. Without a chart, it is difficult to correlate the proposed redacted exhibits with the original exhibits.  A number of the proposed redactions eliminate all information from documents that were previously filed under Level 1 restriction.  *See, e.g.* [#517-10 and #494-12; #517-11 and #494-13].  And the Parties seek to restrict the same letters to third party medical providers.  *See* [#498-16, #499].  Finally, the sheer volume of exhibits attached to [#517] has made for an unwieldy evaluation of the basis for restriction.  Accordingly, this court reserves ruling on the Additional Motion to Restrict until the Parties file a supplemental brief that (1) provides a table that correlates the attachments to [#517] with the original exhibits; (2) identifies all exhibits that may be unrestricted; and (3) identifies the proposed redacted documents that redact all substantive information and explains why such redaction is meaningful.  This supplemental brief is due no later than January 9, 2017.

**CONCLUSION**

For the reasons set forth herein, **IT IS ORDERED** that:

(1)      "Joint Motion to Restrict Regrading Plaintiffs' and Counterclaim Defendants' Motion for Summary Judgment (Restricted Dkt. 476 through 476-20), Defendant and Counterclaim Plaintiff Aetna, Inc.'s Motion for Summary Judgment (Restricted Dkt. 478 through 478-92), and Defendants' Motion to Exclude the purported Expert Testimony of Dr. Stephen F. Foreman Regarding the plaintiffs' Alleged Damages (Restricted Dkt. 477 through 477-10)" [#509] is **GRANTED IN PART and DENIED IN PART**;

(2)   The Clerk of the Court is **DIRECTED TO UNRESTRICT** the following docket entries:

- [#476-1]; [#476-12]; [#476-16]; [#476-17]; [#476-18]

- [#477-1]; [#477-2]; [#477-10]

- [#478-4]; [#478-5]; [#478-6]; [#478-9]; [#478-10]; [#478-12]; [#478-18]; [#478-21]; [#478-37]; [#478-41]; [#476-45]; [#478-48]; [#478-49]; [#478-51]; [#478-53]; [#478-54]; [#478-55]; [#478-57]; [#478-59]; [#478-61]; [#478-62]; [#478-63]; [#478-64]; [#478-66]; [#478-72]; [#478-90]; [#478-91]; [#478-92];

(3)   The Parties are **DIRECTED TO FILE** no later than **January 9, 2017** a Notice in which they correlate the redacted versions of exhibits with the unredacted versions as reflected in the Renewed Motion to Restrict, referencing numbers used by the court's ECF system, so that a person reading the docket may identify the public versions of exhibits; and

(4)   The Parties are **DIRECTED TO FILE** no later than **January 9, 2017** a Supplemental Brief in Support of their Joint Motion to Restrict Regarding Defendant Aetna, Inc.'s Brief in Opposition to Counterclaim Defendants' Motion For Summary Judgment On Aetna, Inc.'s Counterclaims (Restricted Dkt. 494 through 494-91), Plaintiffs' Omnibus Response in Opposition to Defendants' Motions for Summary Judgment (Restricted Dkt. 495, 498 Through 501-26), and Plaintiffs' Response in Opposition to Defendants' Motion to Exclude the Purported Expert Testimony of Dr. Stephen F. Foreman Related to Plaintiffs' Alleged Damages (Restricted Dkt. 496 Through 497-8) [#517], consistent with the instructions contained herein.

DATED:  December 30, 2016                    BY THE COURT:


                                             s/ Nina Y. Wang
                                             United States Magistrate Judge