**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-03012-WJM-NYW

KISSING CAMELS SURGERY CENTER, LLC, et al.,

    Plaintiffs,

v.

CENTURA HEALTH CORPORATION, et al.

    Defendants.

---

**DEFENDANTS' MOTION TO PERMIT ALL
EXPERT TESTIMONY REGARDING PREVIOUSLY DISCLOSED OPINIONS
RELEVANT TO THE PENDING CLAIMS**

---

In their Proposed Pretrial Order (ECF 527, filed January 4, 2017), each side listed the expert witnesses it may or will call at trial, and each side raised certain objections to some of the other side's expert witnesses. This Court, in its Final Pretrial Order (ECF 540), requested the parties to file motions to resolve those objections by Friday, February 24. In an effort to resolve both sides' objections without Court intervention, defendants Centura Health Corporation ("Centura") and Colorado Ambulatory Surgery Center Association, Inc. ("CASCA") (together, "Defendants") proposed to plaintiffs[1] that all of the listed experts (all of whom had previously been disclosed per the Court's scheduling orders (ECF 158 and 414) and deposed by at least one party in this case) should be permitted to testify about any opinions that:

---

[1] Kissing Camels Surgery Center LLC, Arapahoe Surgery Center LLC, Hampden Surgery Center LLC, and Cherry Creek Surgery Center LLC (together, "Plaintiffs").

- are relevant to the pending claims (as opposed to the counterclaims that have been dismissed pursuant to settlement);

- have not been excluded or stricken pursuant to currently pending motions[2]; <u>and</u>

- if disclosed in rebuttal reports, would rebut trial testimony about the opinions that the opinions were offered to rebut.

Defendants' proposal would have eliminated the Court's intervention.

Plaintiffs rejected this proposal.  They instead take the untenable position that *Plaintiffs* should be able to call at trial their rebuttal expert witness, Forrest McCluer, who offered opinions solely in rebuttal of two experts retained for the defense by Aetna (which has now settled), yet *Defendants* should be barred from calling at trial the very witnesses that Plaintiffs offered McCluer to rebut.  So, for example, while Plaintiffs offered opinions by McCluer solely in rebuttal of opinions offered by Gregory Vistnes and Gustavo Bamberger (who had been retained for the defense by Aetna), Plaintiffs propose that they be allowed to present McCluer to rebut the testimony of Vistnes and Bamberger – neither of whose opinions under the Plaintiffs' proposal the jury will ever hear.  That makes no sense.

Accordingly, Defendants move pursuant to Fed. R. Civ. P. 16(b)(4) and 26(e) for an order permitting each of the parties to call at trial any expert listed by that party as

---

[2] Separately, Defendants have challenged certain opinions offered by Plaintiffs' expert Stephen Foreman as failing to meet the reliability standards of *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and others as having only been disclosed on January 4, 2017, long after all deadlines for expert disclosures had passed.

"may call" or "will call" witnesses on the Final Pretrial Order, to testify about any opinions consistent with the proposal explained above.

Per D.C.Colo.LCivR 7.1(a), counsel for Defendants conferred with counsel for Plaintiffs, who did not consent to the relief sought through this motion.

## PROCEDURAL AND FACTUAL BACKGROUND

There have been two rounds of expert discovery in this case. First, before the health plan defendants were brought back into the case through Plaintiffs' Second Amended Complaint, Centura, CASCA, and Plaintiffs took discovery on Plaintiffs' antitrust claims, including expert discovery. During that round of expert discovery, which took place in 2014, Plaintiffs disclosed affirmative and rebuttal opinions from one expert, Stephen Foreman, and Centura (the only defendant involved in that round) disclosed affirmative and rebuttal opinions from another expert, David Argue. McCluer was not identified at all in this round of expert discovery.

The health plan defendants were brought back into the case in November 2014, and their motion to dismiss was denied on June 16, 2015. By then, the first round of expert discovery had closed. Then, following more fact discovery involving the health plan defendants and Plaintiffs, there was a second round of expert discovery. The Court's April 7, 2016 Order set a deadline of July 29, 2016, for affirmative expert reports and a deadline of August 31, 2016, for rebuttal expert reports. April 7, 2016 Order on Motion to Extend at 6 (Dkt. No. 414) (the "4/7/16 Order").

On July 29, 2016, Aetna[3] disclosed three affirmative expert reports: one by Vistnes, who opined on the structure of health care markets and whether the conduct alleged in Aetna's counterclaims was harmful to plan sponsors and enrollees; one by Karen Van Tassel, who opined regarding the significant financial returns to the physician investors in the plaintiff ASCs and whether there is any likelihood that any of those ASCs might go out of business; and one by Bamberger, who opined regarding the amount of Aetna's counterclaim damages. On the same date, Plaintiffs disclosed an update to Foreman's opinions on the antitrust claims. (Foreman had previously been disclosed in the first round of expert discovery.) That update was primarily limited to updating Plaintiffs' damages estimate based on patient data produced after Plaintiffs' original report was disclosed. Plaintiffs still did not identify McCluer in this second round of discovery.

Both sides disclosed rebuttal reports on August 31, 2016. Plaintiffs disclosed two rebuttal experts: Foreman, who offered rebuttal of Van Tassel, and (for the first time) McCluer, who offered opinions solely in rebuttal of the opinions of Vistnes and Bamberger. McCluer's opinions related primarily to Bamberger's model for Aetna's damages, but he also included a section seemingly responding to Vistnes' analysis of competition in health care markets.[4] Aetna then disclosed a rebuttal report by Vistnes,

---

[3] By July 29, 2016, the deadline for affirmative expert disclosures, all the health plans except Aetna had settled Plaintiffs' claims.

[4] Defendants have offered a description of the expert reports rather than burden the Court with copies, but of course will provide any or all reports to the Court on request.

who rebutted the new opinions offered by Foreman in his updated report. The depositions of Vistnes, Van Tassel, Bamberger, Foreman and McCluer occurred by the deadline set forth in the 4/7/16 Order.

After all expert discovery closed, the parties provided their proposed witness lists as part of their draft Pretrial Order. *See* Proposed Final Pretrial Order dated January 4, 2017 (ECF 527), modified and entered as Final Pretrial Order on January 13, 2017 (ECF 540). Plaintiffs listed both Foreman and McCluer as expert witnesses on the Pretrial Order, and Defendants listed Argue, Van Tassel, Vistnes, and Bamberger. Final Pretrial Order, ECF 540 at 35, 50. Plaintiffs stated in the "Special Issues" section that they object to Defendants' introduction of testimony by Bamberger, Vistnes, and Van Tassel. *Id.* at 52. (Defendants objected at that time to Plaintiffs' listing of McCluer, but as explained above, they are now willing to withdraw that objection in an effort to avoid any dispute with Plaintiffs).

In short, in an effort to resolve the parties' disputes regarding expert testimony, Defendants proposed the relief sought here – that each party may call any expert witness listed on its "may call" or "will call" witness lists, subject to relevance and timely disclosure. Plaintiffs refused that offer.

## ARGUMENT

**I.    Defendants Should Be Permitted to Offer Relevant Testimony By Any Expert Witness Regarding Any Opinion That Was Timely Disclosed, Whether By Centura or By Aetna.**

Plaintiffs object to Defendants calling at trial Vistnes, Bamberger, and Van Tassel because, technically, Aetna disclosed those experts on behalf of Defendants. That

argument is wrong as a matter of law.  It is well established that all parties have a fundamental "right to every man's evidence" (*United States v. Bryan*, 339 U.S. 323, 331 (1950)).  This includes the evidence of experts designated by a co-defendant.  *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 245 (N.D. Iowa 1996) ("[O]nce an expert is designated, the expert is recognized as presenting part of the common body of discoverable, and generally admissible, information and testimony available to all parties.").  Consistent with this principle, courts routinely permit parties to call at trial expert witnesses who were timely disclosed by another party.  *E.g., Wilson v. City of Lafayette*, No. 07-CV-01844-EWN-KLM, 2008 WL 3211288, at *1 (D. Colo. Aug. 6, 2008) (granting motion for leave to disclose expert witnesses where "these same experts have already been disclosed by [defendant's] co-Defendants...."); *Cont'l W. Ins. Co. v. Titanium Co.*, No. 4:10-CV-00584-TJS, 2013 WL 12099382, at *2 (S.D. Iowa May 29, 2013) (permitting defendant to use expert designated by co-defendant that previously settled); *Guinn v. CRST Van Expedited, Inc.*, No. CIV-09-1198-D, 2011 WL 2414393, at *4 (W.D. Okla. June 10, 2011) (allowing defendant to use portions of plaintiff's expert's deposition at trial); *Brigham Young Univ. v. Pfizer, Inc.*, No. 2:12-MC-143 TS BCW, 2012 WL 1029304, at *5 (D. Utah Mar. 26, 2012) (denying plaintiff's motion to quash defendant's subpoena directed at plaintiff's previously-designated expert).  That is because "to the extent that [a defendant] wishes to use experts that may have been timely disclosed by a co-defendant there would not appear to be any prejudice to the plaintiff."  *Attebery v. Placer Sierra Bank*, No. 06-cv-2416-WBS-EFB, 2007 WL 3231721, at *4 (E.D. Cal. Nov. 1, 2007).

Defendants should be permitted to call Vistnes as an expert witness to provide testimony relevant to the pending claims because Plaintiffs will not be unfairly prejudiced by the introduction of his testimony at trial, given that Plaintiffs have had timely disclosure of Vistnes' opinions and have taken his deposition.  *See Cont'l W. Ins. Co. v. Titanium Co.*, 2013 WL 12099382, at *2 (finding that "plaintiffs will suffer no undue prejudice" by allowing defendant to present plaintiff's expert's opinions at trial because their counsel deposed the expert and had "full opportunity to conduct discovery as to his opinions and prepare for the presentation of his trial testimony"); *see also S5Sales, Inc. v. Travelers Ins. Co.*, No. CIV. 05-0005 WJ/ACT, 2006 WL 5347768, at *2 (D.N.M. Mar. 17, 2006) (prejudice to defendants for plaintiff's failure to disclose experts was mitigated because defendants knew about experts and had copies of their original reports).  The purpose of the disclosure requirements in Rule 26(a)(2) is to put parties on notice of the expert testimony that the other side intends to introduce and give them an opportunity to take discovery on those opinions.  *Semler v. GEICO Gen. Ins. Co.*, No. CIV-11-1354-D, 2014 WL 51370, at *3 (W.D. Okla. Jan. 7, 2014) (denying motion to exclude expert witness).  The opinions of Vistnes that were disclosed by Aetna and that Plaintiffs had full opportunity to discover and to respond to are the same opinions that Defendants intend to offer at trial.  There is thus nothing unfair to Plaintiffs about introducing this testimony at trial.[5]

---

[5] Alternatively, Defendants are willing to proceed by disclosing a new expert report limited to rebutting Foreman by David Argue, the first defense expert that was disclosed, and to permit Plaintiffs to depose Argue on that new report. Trial is not scheduled to begin until August 21, 2017, nearly six months after the submission of this

Not only that, but the Court should not allow Plaintiffs' cynical attempt to call a *rebuttal* expert to rebut expert opinions that Plaintiffs seek to exclude. If Defendants cannot call Vistnes, then McCluer's opinions (which were offered solely in rebuttal of Vistnes and Bamberger) will be outside the scope of admissible testimony and thus inadmissible. *Equal Employment Opportunity Comm'n v. JBS USA, LLC*, No. 10-CV-02103-PAB-KLM, 2014 WL 2922625, at *8 (D. Colo. June 27, 2014) ("A witness designated as a rebuttal expert witness, is a witness 'intended solely to contradict or rebut evidence on the same subject matter identified' in the expert report of another party." (quoting Fed. R. Civ. P. 26(a)(2)(C)(ii))); *see id.* (rebuttal experts are not "allowed to testify 'unless and until' the experts they were designated to rebut testified at trial" (quoting *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Hawaii 2008))); *Sanchez v. Safeway Stores, Inc.*, 451 F.2d 998, 1000 (10th Cir. 1971) (district court did not abuse its discretion by refusing to allow rebuttal testimony from defendant's expert when Plaintiffs did not call their expert in their case in chief).

## CONCLUSION

For the reasons stated herein, Defendants respectfully request pursuant to Fed. R. Civ. P. 16(b)(4) and 26(e) that this Court enter an order permitting the parties to call at trial any expert they listed as "may call" or "will call" witnesses on the Proposed Pretrial Order, to testify about any opinions that:

---

(continued…)

motion. This leaves ample time for Argue to submit a narrow update to his report and for Plaintiffs to depose him on that update, if they so desire. Either approach is acceptable to Defendants.

- are relevant to the pending claims (as opposed to the counterclaims that have been dismissed pursuant to settlement);

- were disclosed for the expert witness by the deadlines set forth in the Court's scheduling orders (Dkt. Nos. 158 and 414);

- have not been excluded or stricken pursuant to currently pending motions; <u>and</u>

- if disclosed in rebuttal reports, rebut trial testimony about the opinions that the opinions were offered to rebut.

Dated: February 24, 2017

Respectfully submitted,

*s/ Thomas Demitrack*
Thomas Demitrack
Brett W. Bell
JONES DAY
901 Lakeside Avenue East
Cleveland, OH 44114
Tel: 216.586.3939
Email: tdemitrack@jonesday.com
Email: bbell@jonesday.com

Paula W. Render
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL 60601
Tel: 312.782.3939
Email: prender@jonesday.com

Melvin B. Sabey
HALL, RENDER, KILLIAN, HEATH &
LYMAN, P.C.
1512 Larimer Street, Suite 300
Writer Square
Denver, CO 80208
Tel: 303.801.3535
Email: melsabey@hallrender.com

Attorneys for Defendant
CENTURA HEALTH CORPORATION

*s/ Kathryn A. Reilly*
Kathryn A. Reilly
Grace A. Fox
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Tel: 303.244.1800
Fax: 303.244.1879
Email: reilly@wtotrial.com
Email: fox@wrotrial.com

Attorney for Defendant Colorado Ambulatory Surgery Center Association, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2016, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Brett Bell*