**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-03012-WJM-NYW

KISSING CAMELS SURGERY CENTER, LLC,
CHERRY CREEK SURGERY CENTER, LLC,
ARAPAHOE SURGERY CENTER, LLC, and
HAMPDEN SURGERY CENTER, LLC,

      Plaintiffs/Counterclaim Defendants,

v.

CENTURA HEALTH CORPORATION,
COLORADO AMBULATORY SURGERY CENTER ASSOCIATION, INC.,
and AETNA, INC.,

      Defendants/Counterclaim Plaintiffs.

---

**PLAINTIFFS' MOTION TO EXCLUDE THE PURPORTED EXPERT TESTIMONY OF GREGORY S. VISTNES, Ph.D., GUSTAVO BAMBERGER, Ph.D. AND KARYL M. VAN TASSEL**

---

      Pursuant to Fed. R. Civ. P. 37, Fed. R. Evid. 401 and Fed. R. Evid. 403, Plaintiffs Kissing

Camels Surgery Center, LLC, Cherry Creek Surgery Center, LLC, Arapahoe Surgery Center,

LLC, and Hampden Surgery Center, LLC, (collectively the "Plaintiffs"), hereby move to exclude

the purported expert testimony of Dismissed Defendant Aetna, Inc.'s experts Gregory S. Vistnes,

Ph.D., Gustavo Bamberger, Ph.D., and Karyl M. Van Tassel.[1] Counsel for Plaintiffs discussed

---

[1] The expert reports, all of which were submitted as "Highly Confidential" and contain confidential, sensitive business information, have previously been filed in the record in both complete and redacted versions. In recognition of this Court's admonition not to unnecessarily file motions under seal and in the interest of not filing duplicative exhibits, these expert reports are not attached as exhibits hereto. The unredacted expert report reports are in the record as follows: Bamberger Original Report, Dkt. 501-19; Bamberger Supplemental Report, Dkt. 494-69; Vistnes original Report, Dkt. 478-7; Vistnes Rebuttal Report, Dkt 497-6; Vistnes Supplemental Report, Dkt.

the contents of this Motion with counsel for Defendants, who oppose the requested relief.

## I.   INTRODUCTION

In the Final Pretrial Order, Defendants Centura and CASCA indicated that they plan to call expert witnesses that they failed to identify pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and within the timeframes set forth in the Court's Scheduling Order. In fact, these expert witnesses were identified by Aetna more than two years after the deadline had passed for Centura to identify expert witnesses. Rule 37 of the Federal Rules of Civil Procedure provides that failure to "identify a witness as required by Rule 26(a)" means the party cannot utilize the witness at trial. Fed. R. Civ. P. 37. Defendants' failure to identify these witnesses was neither justified nor harmless. Permitting Defendants to utilize these witnesses would result in extreme prejudice to Plaintiffs who reasonably relied on the Court's Scheduling Order and would unnecessarily confuse the jury.

Aetna retained and identified these witnesses, not only to address Plaintiffs' claims but also Aetna's counterclaims.  Accordingly, all of Dr. Bamberger's testimony and portions of Dr. Vistnes' and Ms. Van Tassel's testimony is completely irrelevant to the claims that remain in this action.  Therefore, their testimony should be excluded under Rule 401 of the Federal Rules of Evidence.  Finally, the testimony should also be excluded pursuant to Rule 403 of the Federal Rules of Evidence because the testimony would be highly prejudicial to Plaintiffs, is duplicative of Centura's properly identified expert witness, and would be confusing given the overlap between the witnesses' testimony regarding Plaintiffs' claims and Aetna's counterclaims.

---

476-13; Van Tassel Report, Dkt. 497-7; Foreman 2014 Report, Dkt. 501-19; Foreman Updated Report, Dkt. 501-21; Foreman Rebuttal Report, Dkt. 500-7; McCluer Rebuttal Report, Dkt. 501-11; Argue (excerpts),  Dkt. 228-47.

## II.      PROCEDURAL HISTORY AND FACTUAL BACKGROUND

This action was initiated on November 15, 2012. (Dkt. 1.) The Court's Scheduling Order, as amended on November 26, 2013, provided that affirmative expert reports would be disclosed no later than April 3, 2014 and that rebuttal experts would be disclosed on or before May 23, 2014. (Dkt. 158.) On February 13, 2014, the Court granted the motions to dismiss filed by CASCA, Aetna, Anthem, Audubon, and United, leaving Centura as the only defendant in the case.  (Dkt. 177.) On February 26, 2014, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint to address the deficiencies identified by the Court in its dismissal Order related to the Defendants other than Centura by alleging additional facts based on recently produced discovery.  (Dkt. 179.)

On May 23, 2014, Defendant Centura disclosed the following expert witness "[p]ursuant to this Court's Scheduling Order and Fed. R. Civ. P. 26(a)(2)": "David A. Argue, Ph.D., Corporate Vice President and Principal, Economists Incorporated, Washington, D.C." (Notice of Centura Health Corporation's Expert Designation, p. 1, attached hereto as Ex. A.)  Centura specifically acknowledged that its designation and Dr. Argue's report were being provided "[i]n satisfaction of the requirements of Fed. R. Civ. P. 26(a)(2)(B)." *Id.*

On August 12, 2014, the Magistrate Judge granted Plaintiffs' motion for leave to amend. (Dkt. 212). On November 4, 2014, the Court overruled the Defendants' Objection to the Magistrate's findings to the extent it sought denial of the Plaintiffs' Motion to Amend and permitted the proposed Second Amended Complaint to be filed. (Dkt. 242 at 7.)  On June 16, 2015, the Court denied the Previously Dismissed Defendants' motions to dismiss.  (Dkt. 295.)

On March 29, 2016, Plaintiffs filed Plaintiffs' Partially Opposed Motion to Extend

Pretrial Deadlines. (Dkt. 403.) Centura objected to Plaintiffs' motion to the extent Plaintiffs

sought the ability to serve new affirmative expert reports. (Centura Health Corporation's

Response to Plaintiffs' Partially Opposed Motion to Extend Pretrial Deadlines, Dkts. 409 and

411.)   Centura noted that "Plaintiffs and Centura have completed their discovery, and have

exchanged expert opinions:"

> Those expert opinions address *all* of plaintiffs' claims in this case.  Those claims
> have not changed even though the Court subsequently reinstated the same claims
> against the payor defendants.  Centura invested substantial time and cost retaining
> an expert to respond to plaintiffs' expert opinions.   Allowing a do-over would
> substantially prejudice Centura….The case against Centura is thus fully
> discovered and ready for trial.

(Dkt. 409, 411, p. 1-2.) Centura stressed that Plaintiffs and Centura had disclosed experts in

accordance with the Courts' scheduling order and had since completed expert discovery. (Dkt.

409, p. 4; Dkt. 411, p. 3-4.)  However, Centura's primary objection was that "allowing a do-over

would substantially prejudice Centura." (Dkt. 409, Dkt. 411, p. 1.)  At the April 4, 2016 Status

Conference at which this motion was argued, counsel for Centura forcefully reiterated this

argument, stating:

> So the insurers have always been in this case and now they also have the status of
> being defendants.  That by itself, does not justify new expert reports, new
> theories, new – and throwing away that investment that Centura already made in
> expert discovery.
>
>         ***
>
> [T]hey [Plaintiffs] are entitled to update….But in terms of adding new theories, in
> Terms, – I mean this is a conspiracy case.  Centura was – was accused of
> being part of a conspiracy with all these people.  Plaintiffs took discovery of all
> these parties to prove the conspiracy against Centura, so there's nothing different
> now.  It's – it's exactly the same conspiracy that it was when the payors were just
> witnesses as opposed to being both witnesses and defendants.  So there's no basis
> for a blank check at this point.

Dkt. 557, pp 7-8.

Magistrate Judge Wang entered an Order on Motion to Extend on April 7, 2016, granting in part and denying in part Plaintiffs' motion. ("Order on Motion to Extend," Dkt. 414.) Magistrate Judge Wang noted Centura's objection that "Plaintiffs are not entitled to a 're-do' of their expert disclosures related to Plaintiffs' claims for any alleged antitrust violations…." *Id.*, p. 5 (citing Dkt. 411.) The Court did not grant Plaintiffs (or Centura) the right to re-do their expert reports. Instead, Magistrate Judge Wang granted Plaintiffs the right to supplement.

As Magistrate Judge Wang cautioned, **the provision of the Rules of Civil Procedure related to supplementation "is 'not intended to provide an extension of the expert designation and report production deadlines' and may not be used for this purpose."** Order on Motion to Extend, p. 6 (quoting *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998)) (emphasis added). Within this context, Magistrate Judge Wang granted Plaintiffs an extension related solely to supplementation of previously disclosed expert reports:

> This last concept, *i.e.*, that Plaintiffs should be able to fill the interstices of an incomplete report based on information that was not available at the time of the initial disclosure is applicable in this case. To the extent that Plaintiffs' experts have opinions based on information that was not available to them at the time of the April 3, 2014 affirmative disclosures, or as to Previously Dismissed Defendants that were not in the case at the time of the disclosures, they should be permitted to disclose them now. **Such supplementation is consistent with Rule 26(e), and does not, in principle, amount to an unfettered opportunity to 're-do' expert reports.** This is not an invitation for Plaintiffs or **Centura to revise theories already advanced by their respective experts or introduce new theories that could have been raised by the prior reports.**

*Id.*, p. 6 (emphasis added). Magistrate Judge Wang directed that any objections to the scope of the supplemented affirmative expert report be filed by October 15, 2016. *Id.*, p. 7. Magistrate Judge Wang also granted the reinstated Defendants, including CASCA, until July 29, 2016 to

"designate affirmative experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2), consistent with the ruling reflected in [the Order on Motion to Extend.]" *Id.*, p. 7. Complying with this Order, the Plaintiffs served the Expert Report Update of its expert Stephen Foreman, Ph.D., J.D., M.P.A., which updated his previous report based on data which were not available when his original report was served and depositions that had been taken in the interim. No Defendant objected that Dr. Foreman's updated report revised his previous theories or introduced new theories that could have been raised in his original report in violation of the Order on the Motion to Extend.

Significantly, Centura chose not to serve an updated report from its expert, David Argue, Ph.D. on or before the deadline, even though additional information had become available since he served his original report in May of 2014. CASCA chose not to serve any expert report whatsoever. In fact, the only Defendant who served expert reports on July 29, 2016 was Aetna. Aetna produced reports from three expert witnesses:

**Gustavo Bamberger, Ph.D.** submitted two expert reports. His initial report stated: "I have been asked by counsel for Aetna, Inc. ("Aetna") to estimate the damages suffered by Aetna as a result of illegal actions taken by counterclaim defendants…." Bamberger, ¶ 2. His rebuttal expert report stated that he had "been asked by counsel for Aetna to review and evaluate the Expert Rebuttal Report of R. Forrest McCluer, PhD…." Bamberger Rebuttal, ¶2.

**Gregory S. Vistnes, Ph.D.** submitted three expert reports. His initial report states he is "an economist with specialties in the fields of industrial organization and economics of competition." Vistnes, p. 1. Dr. Vistnes was retained by "the defendant MCOs (Aetna, United and Anthem Blue Cross)." *Id.*, p. 2 n.1. However, by the time Dr. Vistnes submitted his report,

Plaintiffs had settled with both Anthem and United.  *Id.*, p. 2. n.1. Accordingly, Dr. Vistnes was disclosed only by Aetna and Dr. Vistnes' report was submitted solely on behalf of Aetna.  *Id.*, p. 1. Moreover, Dr. Vistnes addressed not only Aetna's liability claims but also Aetna's now-dismissed counterclaims.  *See Id.*, p. 2, 4. Dr. Vistnes' Rebuttal Report stated that he had "been retained by Aetna to provide my opinion regarding the expert reports filed by Stephen Foreman…."  In a footnote, Dr. Vistnes specifically referred to Dr. Foreman's report disclosed on April 3, 2014, as well as to Dr. Foreman's July 29, 2016 update of that report.  Vistnes Rebuttal, p. 1, fn. 2. Dr. Vistnes also submitted a supplemental report to respond to Plaintiffs' expert reports.  Dr. Vistnes reiterated in his deposition that he had been retained by Aetna, United, and Anthem, and made no mention of either Centura or CASCA.  Vistnes Depo, 48:11-49:20, attached hereto as Ex. B.

**Karyl M. Van Tassel** stated that her firm "Navigant has been retained by Aetna, Inc….to analyze returns received by physician investors, the structure of the surgery center investments, and profitability of the surgery centers and their financial positions."  Van Tassel, p. 5.  Portions of Ms. Van Tassel's report address Aetna's now dismissed counterclaims. The e-mails from Aetna's counsel, Joe Vardner with Gibson Dunn, serving these expert reports are attached as a global exhibit as Ex. C.

As previously noted, Centura disclosed only one expert witness pursuant to Fed. R. Civ. P. 26(a)(2) – Dr. Argue – whose report was served in accordance with the procedural schedule in effect on May 23, 2014.  Centura did not serve an updated expert report in 2016 and CASCA did not serve any expert report at all.  In addition, neither Centura nor CASCA attended any of Aetna's expert depositions, not even by telephone. Likewise, there is nothing in the record

disclosing any intent of either Centura or CASCA to rely on the expert testimony of any of Aetna's experts at trial.

Plaintiffs ultimately settled with Aetna and Aetna was dismissed from this action on December 16, 2016. (Dkt. 513.)

For the first time, in the draft Final Pretrial Order, which was filed a month after Aetna was dismissed from the case, the remaining Defendants indicated that they intend to call the expert witnesses retained and disclosed only by Aetna. (Final Pretrial Order, Dkt. 540, p. 49-50.) Plaintiffs do not object to Dr. Argue being called as an expert witness and testifying as to the opinions he has actually disclosed in this matter in his report of May 23, 2014. However, as set forth herein, Plaintiffs object to Centura and CASCA calling previously undisclosed witnesses or to Dr. Argue testifying to undisclosed opinions.[2]   In fact, if Dr. Argue had submitted a new report in August of 2016 setting forth the opinions expressed in Dr. Vistnes' reports, including those opinions criticizing Plaintiffs' expert Dr. Foreman's April 3, 2014 report, Plaintiffs would have objected on October 15, 2016 that he was inappropriately adopting new theories in violation of the Order on the Motion to Extend.

---

[2] Plaintiffs recognize that the Defendants have similarly objected to the Plaintiffs listing Forrest McCluer, Ph.D. in the Pre-Trial Order and that if the Defendants are prohibited from presenting Aetna's experts at trial, that Plaintiffs may likewise be prohibited from offering the testimony of Dr. McCluer.  There is, however, a critical distinction: Plaintiffs timely disclosed Dr. McCluer in accordance with the procedural schedule and served counsel for all the Defendants with his report. Counsel for Aetna deposed him.   Centura and CASCA chose not to attend Dr. McCluer's deposition.

### III.    ARGUMENT

**A.    Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Centura and CASCA Should Be Precluded From Utilizing the Testimony of Experts Retained and Disclosed Solely by Aetna Because Defendants Did Not Properly Identify These Expert Witnesses Under Rule 26(a)(2) of the Federal Rules of Civil Procedure or the Court's Scheduling Orders.**

Rule 26 requires parties to "make [expert] disclosures at the times and in the sequence that the court orders." FRCP 26(a)(2). Where "the date of disclosure is…determined per court order, the district court's scheduling orders are dispositive." *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 894 (10th Cir. 2006). Neither Centura nor CASCA complied with the court's scheduling orders with regard to expert witnesses Dr. Bamberger, Dr. Vistnes or Ms. Van Tassel.

Pursuant to the Court's Scheduling Order, Centura's deadline for disclosing expert witnesses was May 23, 2014 – more than two years before Aetna's disclosed its expert witnesses. Dr. Argue is the only expert Centura disclosed by this deadline. CASCA's deadline to disclose affirmative experts was July 29, 2016 and CASCA's deadline to designate rebuttal experts was August 31, 2016. (Order on Motion to Extend, Dkt. 414, p. 7-8.) Yet, neither Defendant identified Aetna's expert witnesses until the filing of the Final Pretrial Order in January 2017.

As Rule 37 provides, "If a party fails to provide information or identify a witness as required by Rule 26(a)…, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." FRCP 37(c)(1). Defendants did not identify expert witnesses nor provide a report from those witnesses within the deadlines set by the Court. Defendants violated the provisions of Rule 26 and, accordingly, should be precluded from calling any of these belatedly disclosed

9

witnesses at trial. *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 895 (10th Cir. 2006) ("Because

Great American did not comply with the court's scheduling order, the district court properly

excluded Great American's accident reconstruction expert as untimely disclosed). *See*

*McGlothlen v. Am. Fam. Mut. Ins. Co.*, 11-CV-02892-DME-KLM, 2013 WL 646672, at *1 (D.

Colo. Feb. 14, 2013) ("The failure of a party to disclose an expert pursuant to the deadline

established by this court is grounds for exclusion of the expert witness); *King v. Rozek Co.*, 11-

CV-01685-CMA-MJW, 2012 WL 5409787, at *2 (D. Colo. Nov. 5, 2012) (same); *Cmmw. Prop.*

*Advocates, LLC v. U.S. Bank Nt. Ass'n*, 10-CV-01415-WJM-MJW, 2011 WL 2940667, at *1 (D.

Colo. July 20, 2011) (same); *Rucinski v. Torian Plum Condo. Owners Ass'n, Inc.*, 08-CV-02798-

PAB, 2010 WL 2985604, at *2 (D. Colo. July 26, 2010) (same); *Lee v. U.S.*, 2:09CV544DN,

2012 WL 2419954, at *2 (D. Utah June 26, 2012) (precluding expert testimony and granting

summary judgment where the plaintiff failed to comply with the requirements for disclosure of

expert witnesses). *See also Compania Administadora de Recuperacion de Activos*

*Administradora de Fondos de Inversion Sociedad Anonima v. Titan Intern., Inc.*, 533 F.3d 555,

561 (7th Cir. 2008) ("Because Titan failed to disclose Taylor as an expert witness prior to the

disclosure deadline, the district court did not abuse its discretion when it excluded his

testimony"); *White v. Howmedica, Inc.*, 490 F.3d 1014, 1016 (8th Cir. 2007) ("The district court

was within its discretion to exclude the Whites' untimely expert proffer because the Whites had

ample time to comply with the district court's progression order.")

Defendants did not disclose expert witnesses in accordance with Rule 26(a)(2) or the

Court's Scheduling Order and their failure to do so was neither justified nor harmless.  In

considering justification and harm, the following factors are relevant:  (1) the prejudice or

surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Defendants cannot justify their failure to identify Aetna's expert witnesses prior to the filing of the draft Final Pretrial Order. As an initial matter, Centura cannot possibly justify its failure to identify Aetna's witnesses because the deadline for Centura to disclose expert witnesses expired two years before Aetna even disclosed expert witnesses. Given Centura's strenuous objection that Plaintiffs should not be allowed a "do-over" with regard to expert witnesses, Centura should be estopped from calling witnesses it never disclosed. In fact, in response to Centura's objection, Magistrate Judge Wang specifically prohibited Centura (as well as the Plaintiffs) from revising "theories already advanced by their respective experts or introduce[ing] new theories that could have been raised by prior reports." (Dkt. 414 at 6.) A complete do-over and introducing new theories is precisely what Centura now attempts, without regard for the requirements of Rule 26 and in derogation of this Court's Scheduling Order.

Second, even if the deadline for witness disclosure had not passed, Centura cannot justify its failure to disclose the witnesses. Centura disclosed Dr. Argue and proffered his report, recognizing its obligation to make such a disclosure pursuant to Rule 26 and the Court's Scheduling Order. (Ex. A, Notice of Centura Health Corporation's Expert Designation, p. 1.) Centura clearly understands the necessity of disclosing expert witnesses. Centura's failure cannot be justified and, given Centura's previous stance, should not be countenanced. CASCA likewise

cannot justify its failure to disclose any expert witnesses whatsoever within the timeframe permitted by the Court's scheduling order.

The prejudice to Plaintiffs of allowing Defendants to call Aetna's expert witnesses would be far greater than the harm Centura claimed in its opposition to Plaintiffs' Motion to Extend. Plaintiffs were entitled to rely on the Court's Scheduling Orders and Defendants' disclosures or lack of disclosures. "A case management schedule serves important purposes, one of which is a fair and orderly development of relevant evidence and trial issues." *A-Cross (A+) Ranch, Ltd, v. Apache Corp.*, CIV-04-200-T, 2007 WL 7754451, at *1 (W.D. Okla. Feb. 20, 2007). "'[D]eadlines established by the court in the Scheduling Order and otherwise cannot be viewed as merely aspirational.'" *Rucinski,* 2010 WL 2985604, at *2 (quoting *Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004)).

Plaintiffs did, in fact, rely on the Scheduling Orders and Defendants' nondisclosure of Aetna's expert witnesses in evaluating and reaching settlement with Aetna. Defendants cannot cure the prejudice that will result if they are permitted to utilize Aetna's witnesses now that Plaintiffs have settled with Aetna and Aetna has been dismissed from this action. In addition, permitting the testimony of Aetna's expert witnesses who were retained not only with regard to liability issues but also with regard to Aetna's counterclaims will be both confusing and disruptive. The fact that Centura timely disclosed one expert witness but failed to submit an updated report from that witness, remained silent with respect to the expert witnesses Aetna disclosed long after Centura's expert disclosure deadline had passed, and failed to attend any of Aetna's expert depositions suggests Centura has not acted in good faith. Similarly, the fact that CASCA chose not to disclose ANY experts on the date called for in the procedural schedule, did

not participate in any expert depositions, including the depositions of Plaintiffs' and Aetna's experts, shows that CASCA intended to freeload off the other Defendants' experts and has not acted in good faith.

      **B.**      **Even if Centura and CASCA Had Properly Disclosed The Expert Witnesses, Their Testimony Should Nonetheless Be Excluded as Irrelevant.**

"Evidence is relevant if…the fact is of consequence in determining the action." Fed. R. Evid. 401. Unlike Centura or CASCA, Aetna asserted counterclaims against Plaintiffs. Aetna's counterclaims, which have now been dismissed, are not relevant in any way to Plaintiffs' claims against Centura or CASCA.

Centura and CASCA have indicated that they intend to call Dr. Bamberger as a witness at trial. Yet, Aetna retained Dr. Bamberger for the purpose of "estimat[ing] the damages suffered by Aetna as a result of illegal actions taken by counterclaim defendants…." Bamberger, ¶ 2. Dr. Bamberger's testimony is of no consequence in determining the remaining issues in this action. Accordingly, Dr. Bamberger's testimony should be excluded as irrelevant.

Likewise, Aetna retained Dr. Vistnes and Ms. Van Tassel, in part, to address Aetna's counterclaims that have now been dismissed. The testimony of Dr. Vistnes and Ms. Van Tassel – even if properly disclosed – should be excluded to the extent the testimony relates to Aetna's counterclaims and is, therefore, irrelevant.

      **C.**      **Even if Properly Disclosed and Relevant, The Testimony Should Nonetheless Be Excluded Under Rule 403 of the Federal Rules of Evidence.**

Even if relevant and even if timely disclosed, the expert witness testimony should be excluded under Rule 403 of the Federal Rules of Evidence: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the

following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

time, or needless presenting cumulative evidence."  Fed. R. Evid. 403. The testimony, if

permitted, will be in many respects duplicative of the testimony of Dr. Argue.  For example, Dr.

Argue's report addressed Plaintiffs' Allegations, the Principles of Managed Care and Volume

Based Pricing, Flaws in Plaintiffs' Theories of Conspiracy and Antitrust, and Damages. *See,*

sections III, IV, V, and X, respectively, of Argue Report.  All of these issues were addressed in

Dr. Vistnes' Original and Rebuttal Reports.  In his Original Report, Dr. Vistnes stated his

purpose was to address "the process by which competition in the healthcare markets occurs, and

whether the conduct at issue in this case is consistent with competitive markets…."  Vistnes

Report at p. 2. The purpose of his Rebuttal Report was to address the answers to two related

questions:  "Has the MCOs' alleged conduct reduced competition in any relevant market?  If the

MCOS' alleged conduct reduced competition, what damages did Plaintiffs incur as a result?"

Vistnes Rebuttal Report at p. 1.

  In addition, testimony that relates to Aetna's claims and counterclaims will be both

confusing and misleading. For example, Dr. Bamberger's Report addresses Aetna's alleged

damages, but the jury will not be asked to render a verdict on whether Plaintiffs harmed Aetna or

whether Aetna sustained any damages.

  Finally, permitting the testimony will unfairly prejudice Plaintiffs because it would

permit Defendants the same do-over Centura so strenuously argued that the Plaintiffs should not

have and would violate the Court's Order prohibiting any such do-over.  Many of Aetna's expert

opinions represent entirely new theories, which could have been offered by Dr. Argue when

Centura produced his original opinion.  For example, Dr. Vistnes offered several criticisms of

Plaintiffs' expert Dr. Foreman's April 3, 2014 report, and extensively discussed economic motivations in the healthcare market, all of which information was available to Dr. Argue when he submitted his report on May 23, 2014.  Dr. Argue chose not to raise these issues in his report. Ms. Van Tassel's report compares the rates of returns at the Plaintiff ASCs and compares those rates of return with the returns in other industries.  Dr. Argue could easily have offered similar opinions based on information available to him in May of 2014.  In fact, Ms. Van Tassel relied on Dr. Argue's report and his Appendix 2 in creating her report.  Van Tassel Report at 21.  If Centura had disclosed the new opinions adduced in any of Aetna's expert reports within the procedural schedule, Plaintiffs would have had until October 15, 2016 to object that these were new opinions in violation of the Order on the Motion to Extend.  If Centura is now taking the position that Aetna's experts were addressing new work by Dr. Foreman in his July 29, 2016 supplemental report, Centura could have submitted an updated report from Dr. Argue and/or objected by the October 15, 2016 deadline.

In other respects, there is tension between Aetna's experts' opinions and those of Dr. Argue, for example on market definition.  It is not clear which portions of the testimony of Dr. Bamberger, Dr. Vistnes, and Ms. Van Tassel Centura plans to adopt considering this tension. By waiting until January, 2017 to add these experts, the October 2016 deadline for objecting to these new and revised opinions has passed and Plaintiffs have had the opportunity to depose Dr. Argue on how these new opinions square with his original report. Moreover, Plaintiffs have no actual disclosures from Centura or CASCA regarding Aetna's experts, Plaintiffs have no way of knowing which portions of Aetna's experts' opinions these Defendants are now adopting.

Plaintiffs don't even know if Centura will choose to call Dr. Argue at all or will merely rely on Dr. Vistnes.

In seeking to add testimony by Aetna's experts at this late date, the Defendants are merely seeking to evade the Court's Order on the Motion to Extend. Summary judgment motions have been fully briefed, the case is scheduled for mediation and trial.  There is no other remedy short of excluding the testimony of Aetna's witnesses that will eliminate this unfair prejudice to Plaintiffs.   Excluding the previously undisclosed testimony will not result in Defendants having no expert testimony at trial. Instead, Defendants will be able to rely on the testimony of Dr. Argue, who was properly identified pursuant to Rule 26(a)(2) within the timeframe permitted by the Court's Scheduling Orders.

## IV.   CONCLUSION

For all the reasons set forth herein, Plaintiffs respectfully request that the expert testimony of Gregory S. Vistnes, Ph.D., Gustavo Bamberger, Ph.D., and Karyl M. Van Tassel be excluded from trial.

Dated:  February 24, 2017                                    Respectfully submitted,


                                                             */s/ W. Tucker Brown*
                                                             W. Tucker Brown
                                                             D. Jamie Carruth
                                                             WHATLEY KALLAS, LLP
                                                             2001 Park Place Tower, Suite 1000
                                                             Birmingham, AL  35203
                                                             Tel.: (205) 488-1200
                                                             Fax: (800) 922-4851
                                                             Email:  tbrown@whatleykallas.com
                                                                      jcarruth@whatleykallas.com

Joe R. Whatley, Jr.
WHATLEY KALLAS, LLP
720 East Durant Avenue, Suite E6
Aspen, CO  81611
Tel.: (970) 300-4848
Fax: (970) 429-8280
Email:  jwhatley@whatleykallas.com

Edith M. Kallas
WHATLEY KALLAS, LLP
1180 Avenue of the Americas, 20th Floor
New York, NY  10036
Tel.: (212) 447-7060
Fax: (800)922-4851
Email:  ekallas@whatleykallas.com

Deborah J. Winegard
WHATLEY KALLAS, LLP
1068 Virginia Avenue, NE
Atlanta, GA  30306
Tel.: (404) 607-8222
Fax: (404) 607-8451
Email:  dwinegard@whatleykallas.com
Patrick J. Sheehan
WHATLEY KALLAS, LLP
60 State Street, 7th Floor
Boston, MA 02109
Tel.: (617) 573-5118
Fax: (617) 371-2950
Email:  psheehan@whatleykallas.com

Henry C. Quillen
WHATLEY KALLAS, LLP
159 Middle Street
Suite 2C
Portsmouth, NH  03801
Tel.: (603) 294-1591
Fax: (800) 922-4851
Email:  hquillen@whatleykallas.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of February, 2017, the foregoing **MOTION TO EXCLUDE THE PURPORTED EXPERT TESTIMONY OF GREGORY S. VISTNES, Ph.D., GUSTAVO BAMBERGER, Ph.D. AND KARYL M. VAN TASSEL** has been served via the CM/ECF electronic system to all counsel of record.


*/s/ W. Tucker Brown*
OF COUNSEL